## MITCHELL v. JENSEN et al.

### No. 1598 (81 Pac. 165).

1. APPEAL—EVIDENCE—SUFFICIENCY—PRESUMPTION.—Where the bill of exceptions does not disclose that it contains all the evidence, it will be presumed on appeal that there was sufficient evidence to justify overruling a motion for non-suit. [1]

2. SAME—BILL OF EXCEPTIONS—CERTIFICATE—SUFFICIENCY.—The bill of exceptions was a transcript of the official stenographer's notes, containing the testimony of witnesses by questions and answers, and, in like manner depositions, documentary evidence, and remarks of court and counsel; and the transcript was accompanied with a certificate from the stenographer, certifying that "the foregoing is a full, true, and correct transcript of the testimony and other proceedings had on the trial of the  foregoing entitled cause." The transcript, with the declaration of the stenographer, was certified to, allowed, settled, and signed by the court as and for the bill of exceptions. *Held*, that the certificate substantially showed that the bill contained all the evidence. [2]

3. PARTNERSHIP—SALE—EVIDENCE—SUFFICIENCY.—In an action to enforce an alleged partnership liability for goods sold and delivered, evidence, *held*, insufficient to show that the goods were sold and delivered to certain defendants.

4. SAME—FINDINGS OF FACT.—Where certain of the defendants were unknown in the transaction, except as they may have been members of the alleged partnership, or were obligors arising from their connection with an abortive coporation, the failure of the court to find what connection or relation such defendants had with the corporation, or what they had to do therewith, or what they had to do with the business and dealings carried on in its name, was fatal to the right of plaintiff to a judgment against such defendants as partners.

---

[1] Hecla Mining Co. v. Gisborn, 21 Utah 68, 59 Pac. 518; Olson v. Ry. Co., 24 Utah 460, 68 Pac. 148; Fields v. Min. Co., 25 Utah 76, 69 Pac. 528.

[2] Crooks v. Harmon, 29 Utah 304, 81 Pac. 95.

5. SAME.—A finding that the alleged corporation was not a corporation, either de jure or de facto, so as to enable the defendants to bind creditors, is insufficient to show what the defendants had to do with the business or dealings carried on under the name of the alleged corporation, or what their relations were with it.

6. APPEAL—FINDINGS OF FACT.—In a law case the Supreme Court is not authorized to find facts or to draw deductions from them, and and treat as found that which might have been found.

7. PARTNERSHIP — LIABILITY — FINDING OF FACT — SUFFICIENCY.— Where it is sought to hold defendants liable as partners merely because of their connection with an abortive corporation, findings of fact showing defendants' participation in or authorization of the conduct of the business carried on in its name, or some holding out in respect thereto as principals in the business, or facts from which such matters may be inferred are essential to entitle plaintiff to a judgment in his favor.

8. FINDINGS OF FACT—DUTY OF TRIAL COURT.—It is the duty of the trial court to find on all the material issues made by the pleadings, whether evidence be introduced or not, and, if there be no finding on a material issue, the judgment cannot be supported.

9. CORPORATIONS—EVIDENCE—COLLATERAL ATTACK.—Where there has been a bona fide attempt to create a corporation, and an assumption and exercise of corporate functions sufficient to constitute a corporation de facto, its legal existence cannot, as a general rule, be called in question collaterally, and especially where the complaining party has dealt with the company as a corporation.[8]

(Decided June 6, 1905.)

APPEAL from District Court, Fifth District; J. E. Booth, Judge.

Action by John Mitchell against Heber C. Jensen and others, doing business under the firm name of the Southern Utah Mercantile & Lumber Company. From a judgment in favor of plaintiff, defendants appeal.

REVERSED.

*Wm. F. Knox* for appellants.

*Goodwin & Van Pelt* for respondent.

[8] Marsh & Olsen v. Mathias, 19 Utah 350, 56 Pac. 1074.

The testimony of A. J. Lowenberg showed that they had sold the goods sued for to the Southern Utah Mercantile and Lumber Company.    Plaintiff in his complaint alleged that the Southern Utah Mercantile and Lumber Company, was a copartnership, consisting of the two Jensen Brothers and Thomas C. Roche; this allegation was squarely denied in the answer; this then was a material allegation of the complaint, and had to be established by competent proof; because a judgment was not sought against the alleged partnership, but a judgment was asked for and was in fact rendered against the two Jensen brothers; and liability against them could only be established by proving the copartnership as alleged in the complaint.    Volume 15, Am. and Eng. Ency. Plead. and Practice, at 922, states: "If, however, the complaint alleges that the defendants were partners under a certain firm name, and that the contract sued on, was made with such firm, then the allegation of partnership is material, because it is necessary to show the identity of the defendants with the obligors in the contract sued upon." (*Yocum v. Benson,* 45 Ill. 435; *Fetz v. Clark,* 7 Minn. 217; *Anabele v. Conklin,* 25 N. Y. 470; *Qechs v. Cook,* 3 Duer 161; *Laing v. Craig,* 14 Tex. Civ. App. 134. Where a partnership has been alleged between all of the defendants, and this averment has been traversed, proof of the partnership as alleged is essential to the plaintiff's recovery. (15 Am. & Eng. Ency. Plead. and Prac., p. 941; *Yocum v. Benson,* 45 Ill. 435.)    It is elementary that if the plaintiff fails to offer any proof, to show any liability on the part of the defendant, the latter does not have to proceed, and does not have to offer proof to rebut a proposition that has not been established, by even a scintilla of evidence. It follows, then, as of course, that defendants in this case was entitled to a judgment of nonsuit. (*Couch v. Welch,* 24 Utah 36; *Cunningham v. R. Co.,* 4 Utah 206; *Trihay v. M. Co.,* 4 Utah 464; *Butte v. Pleasant V. Coal Co.,* 14 Utah 282.)

The question then is, were their acts sufficient to make the Southern Utah Mercantile and Lumber Company, a *de facto*

corporation? It is not necessary for us to consider whether or not the efforts of the incorporators, were such a compliance with the provisions of our statute, so as to preclude an action being maintained by the Attorney General of the State of Utah, to dissolve the corporation; for, this was not a direct attack upon the corporation. It was a collateral attack pure and simple. We contend that it is unquestionably the law, that only the Attorney General can institute a suit to dissolve a corporation for a failure to comply substantially with the statute in its formation. A stockholder cannot do so, neither can a creditor; and yet in this case, the court made a finding that the Southern Utah Mercantile and Lumber Company, was not a corporation. (2 Cook on Corporations, par. 632, and cases there cited; *Southern Pac. R. Co. v. Orton*, 32 Fed. 457; *Spring Val. Waterworks v. City of San Francisco*, 22 Cal. 432; *North v. State*, 107 Ind. 356; *Musgrave v. Morrison*, 54 Md. 161; *Catholic Church at Lexington v. Tobbein*, 82 Mo. 418; *Buncombe Turnpike Co. v. McCarson*, 18 N. C. 306; *Boardman v. Keystone Co.*, 8 Lanc. Law Rev. 25; *Connecticut & P. R. R. Co. v. Bailey*, 24 Vt. 465.)

The judgment in this case runs against the two Jensen Brothers; and it seems very apparent that this could not be done, for goods sold to the Southern Utah Mercantile and Lumber Company, unless the three defendants were copartners. If they were copartners, then there should have been a finding to that effect; but no such finding was made by the court. Section 3169 of the Revised Statutes of Utah, 1898, provides: "In giving the decision the facts found and the conclusions of law must be separately stated, and judgment must thereupon be entered accordingly." And, a judgment must find support in the findings. (Sec. 3169, Rev. Stats. Utah 1898; *Kahn v. Central Smelting Co.*, 2 Utah 371; *Reich v. Rebellion S. M. Co.*, 3 Utah 254; *Blumenthal v. Asay*, 3 Utah 507; *Walley v. Des. Nat. Bank*, 14 Utah 305; *Maynard v. Locomotive Eng. Mut. Life Ins. Co.*, 14 Utah 458.) There were only three incorporators, being two less than the number required by our statutes; but it has been held by this honorable court, that, where there were only four in-

corporators; that fact did not prevent the alleged corporation from being a *de facto* corporation. (*Marsh and Olson v. Mathias,* 19 Utah 350.) In the case of *Jackson v. Crown Point Mining Company,* 59 Pac. 238, this court held that the issuance of a certificate of incorporation by the Secretary of State is indispensable. We think that would be true in a direct proceeding by the Attorney General to dissolve a corporation; but we do not think that any third party could complain because the fee for filing a certified copy of the articles of incorporation had not been paid to the Secretary of State. "To constitute a *de facto* corporation, there must be either a charter or a law authorizing the creation of such a corporation, with an attempt in good faith to comply with its terms, and a user or attempt to exercise corporate powers thereunder." (*Jones v. Espen Hdw. Co.,* 21 Col. 263; *Abbott v. Omaha Smelting Co.,* 4 Neb. 416; *Dawson v. McLeary,* 87 Tex. 524; *Stockton & L. G. R. Co. v. Stockton & C. R. Co.,* 45 Cal. 680; *Thompson v. Candor,* 60 Ill. 244; *Willard v. Methodist Episcopal Church,* 66 Ill. 55; *Finnegan v. Noerenberg,* 52 Min. 239; *Hass v. Bank of Commerce,* 41 Neb. 754; *Attorney General v. Stephens,* I. N. J. Eq. 369; *Methodist Episcopal Ch. v. Pickett,* 19 N. Y. 482; *Buffalo and A. R. Co. v. Cary,* 26 N. Y. 75:)

The Jenson Brothers, appellants in this case, never held themselves out as partners, took no part in the management of the business, and in fact their only connection with the Southern Utah Mercantile and Lumber Company, was the act of signing the articles of incorporation. "A partnership always exists as a result of a voluntary contract between the persons held to be partners and never exists solely by operation of law. Partnership by estoppel or holding out is only an apparant and not a real exception to this rule. (22 Am. and Eng. Ency. Law, p. 14.) Certainly there was no partnership contract between the defendants in this case. And there is not a scintilla of evidence which would tend to estop appellants from denying that a partnership did exist. Signing the articles of incorporation, which recited that the individual property of the stockholders should not be liable for cor-

porate debts, which were on file and of record in the office of the county clerk, could certainly not make them partners. (*Rutherford, et al. v. Hill et al.*, 29 Pac. 546; *Blanchard v. Kaull*, 44 Cal. 440; *Fay v. Noble*, 61 Mass. 188; *Ward v. Brigham*, 127 Mass. 24; *Johnson v. Corser*, 34 Minn. 355.)

We think the law is well settled that when a judge is called into a district other than his own, his powers are limited to the particular business he is called to hear and determine; if he is called to try only a particular case, he has no powers pertaining to any other case or matter which may come up, or which is pending in the district to which he has been called. (*Wallace v. Helena Electric Railway* Co., 24 Pac. 626.) A district judge may only do at chambers those things which he is expressly authorized to do by statute. (*Conkling v. Ridgley*, 112 Ill. 36; *Newman v. Hammond*, 46 Ind. 119; *Nevitt v. Woodburn*, 45 Ill. App. 417; *Ellis v. Karl*, 7 Neb. 381.) The judge's chambers are undoubtedly anywhere he may be in his district, and are co-extensive with his district. (*In re Neagle*, 39 Fed. 855.) All business must be transacted either in open court or at chambers, within the boundaries of the district; except interlocutory orders, which may be made any place in the State; this under express provisions of statute, (section 3324 of the Revised Statutes 1898.) The Session Laws of 1903, at page 55, defines "chambers" as being co-extensive with the district; and also states that "Judgments and orders of the district court may be entered either in term time or vacation and at chambers, in any county within the district." But these provisions practically declare the common law; and, do not apply to this case, because the judgment in this case was rendered December 29, 1902, and the Session Law of 1903 was not approved until March 12th of the last mentioned year. There is absolutely no provision of statute authorizing the judgment to be rendered outside of the district in which the action is pending; and, certainly no such powers was or is known to the common law. We, therefore, contend that Judge Booth had no authority or power to render judgment in this case at Provo City, in Utah county, Utah, and in the Fourth Judicial District. (*Turner v. Mc-*

*Ilhaney,* 6 Cal. 287; *Sanchez v. Sanchez,* 21 Fla. 346; *Sherman v. Town Council of Thomaston,* 67 Ga. 246; *Welch v. People,* 38 Ill. 20; *People v. O'Neil,* 47 Cal. 109; *Filley v. Cody,* 4 Col. 109; *Backer v. Eble,* 144 Ind. 287; *Monroe v. Barllett,* 6 W. Va. 441; *Bruce v. Doolittle,* 81 Ill. 103; *Mc-Clue v. Owens,* 21 Iowa 133; *Spear v. Fitchpatrick,* 38 Iowa 127.)

### RESPONDENT'S POINTS.

In the absence of a certificate of the judge stating that the bill of exceptions contains all the evidence offered on the trial, this court will presume that there was testimony sufficient to support the findings. (*Mining Co. v. Gisborn,* 21 Utah 73; *Olson v. Railway Co.,* 24 Utah 460; *Fields v. Mining Co.,* 25 Utah 76.) This rule, now so well established in this State, sweeps away from consideration all the specifications of error, not only those which refer to the claimed absence of evidence to support the findings, but by a proper extension of the rule, the objection that the motion for a non-suit should have been granted. Even the contention that the judgment is void because it is asserted that it was made at Provo, cannot stand in view of the fact that there is no certificate that the record contains all the evidence on that point. We repeat that the sale was also admitted in the answer and the testimony shows that the Jensens when the bills were rendered to them, made no denial of their liability, but on the contrary, made proposals of settlement. In moving for the non-suit, only one ground was specified. If there were other grounds, appellants have waived them. Proof of partnership, where the complaint alleges sale to "the defendants" is not necessary. (15 Enc. Pl. and Pr., 920-1, and notes.)

It was not even a corporation *de facto* as there is no law in Utah permitting three persons to form a corporation. The three incorporators, continuing to do business with the public and incurring liabilities under a pretended corporation scheme are personally liable. "The simple and true view is, that if men undertake to form themselves into a business

company which the State cannot recognize as a corporation . . . and in that character contract debts which would be valid and enforcible if contracted by. individuals, the courts of justice should hold them liable as partners. It is intolerable that A, B and C, by merely assuming a corporate name and pretending to be a corporation, can incur with innocent members of the public, obligations which would be valid if incurred by them individually, and then escape liability because the law forbids them to act as a corporation in the incurring of such obligations. A simple rule, and one which should apply to all cases is that, where the obligations of a pretended corporation are neither inequitable nor immoral, the judicial courts should enforce them against the corporators as partners." ( 1 Thompson on Corporations, sec. 506; *Coleman v. Coleman,* 78 Ind. 344; *Eaton v. Walker,* 76 Mich. 579; *Johnson v. Corser,* 34 Minn. 355, overruling previous cases; *Hill v. Beach,* 12 N. J. Eq. 31; *Leverich v. McLaughlin,* 161 Ill. 417; *Medill v. Collier,* 16 Ohio St. 599; 1 Thompson on Corp., 219, 247, and cases cited; *Bamberger v. White,* 6 Ky. Law Rep. 292; *Davidson v. Hobson,* 59 Mo. App. 130; *Hyatt v. Van Riper,* 78 S. W. 1043.)

The appellants take the position that the respondent is estopped. This would be contrary to conscience and further, as Thompson says, essential distinctions exist in respect of the question when a corporation is deemed to be in existence, between cases where the action is against the supposed corporation itself, and cases where the action is against one of the supposed corporators. In the former case, the courts decline to enter into an inquiry as to the regularity of the corporation. Both parties are estopped. But where the action is against the alleged incorporators, they will ordinarily be liable as partners, on the theory of the breach of warranty of agency. (1 Thompson on Corporations, 218.) Appellants disclaim liability because of the incorporation. This was an affirmative defense and they must show a valid incorporation in order to escape personal liability. (*Kaiser v. Lawrence Sav. Bank,* 56 Iowa 104; *Owen v. Shepard,* 59 Fed.

746; 1 Thompson on Corporations, 218.) Judgments are not necessarily invalid because rendered at some place not authorized by law. (1 Freeman on Judgments, page 202.)

STRAUP, J.

Plaintiff, Mitchell in his complaint, for a first cause of action, alleged that the defendant, Heber C. and John Jensen and Thomas D. Roche, were partners in business under the firm name of the Southern Utah Mercantile & Lumber Company; that the defendants were indebted to Lowenberg & Co., a copartnership at San Francisco, for goods sold and delivered to the defendants to the value of $579, an assignment thereof to plaintiff, and non payment of the debt. In the second cause of action he alleged that the defendants were indebted to A. Schillings & Co., of San Francisco, for goods sold and delivered to the said defendants to the value of $40 an assignment thereof to plaintiff, and nonpayment of the debt. Defendants Jensens (the only parties served) answered, denying each and every allegation of the complaint, and further alleged that the said goods mentioned in the complaint were sold to the Southern Utah Mercantile & Lumber Company, a corporation, and that the assignors of the plaintiff dealt with the said company as such, with full knowledge and understanding of its corporate existence, and alleged an estoppel precluding plaintiff from obtaining a judgment against the defendants as individuals. The case was tried before the court without a jury. Upon findings and conclusions made, judgment was had against defendants Jenson individually on both causes of action for the full amount sued for. The defendants appeal.

The only evidence shown on the part of the plaintiff was that he had a conversation with Heber C. Jenson, in which he stated to plaintiff that he did not know of such a claim against the firm, and, if there was, they expected to settle it, and wanted to know whether he would take fifty cents on the dollar. Plaintiff said that he would communicate with the San Francisco firms, and, after having done so, informed Jensen that they would settle for said amount provided it

was done right away, but Jensen then declined to settle at all. He never had any conversation with either of the defendants as to who composed the firm. The testimony of Lowenberg was that his firm "had dealings with the Southern Utah Mercantile & Lumber Company, in selling goods to them," stating the amounts of the bills; that the goods were shipped to the Southern Mercantile & Lumber Company at Cedar City, Utah, and in making the shipment he followed the instructions of Thomas D. Roche, one of the defendants; that he had no information that the said lumber company was an incorporated company; he did not find and he did not produce any letters relating to the transactions; and that the goods were unpaid. No evidence of any kind was offered by plaintiff tending to characterize or to show what was the Southern Utah Mercantile & Lumber Company, nor as to who composed or was connected with it. At the conclusion of plaintiff's evidence as above, the defendants moved for a nonsuit on the grounds that the allegations in the complaint had not been proved, and that there was not any evidence of any partnership of the defendants. The motion was overruled. The defendants offered in evidence articles of incorporation, stating the corporate name of the company; the purposes for which it was formed; place of general business; term of existence; the number of directors to be three; their names and residences; the amount of capital stock, and all subscribed in equal shares among the said Jensens and the said Roche; providing for meetings, election of officers, and that the stockholders and their private property shall not be liable for the corporate debts; which articles were executed only by the said Jensens and Roche (three incorporators); affidavits attached, duly acknowledged; and were filed with the county clerk on the 30th day of April, 1897. It further appeared that a certified copy of said articles was sent to the Secretary of State, but was not there filed, and no certificate was issued by the said secretary, because the fees therefor had not been paid. The said Jensens testified that they had no dealings whatever with the plaintiff or his assignors or any one else in respect to said goods or in the conduct of said

business. There is no evidence to the contrary, except such as may be inferred by reason of their signing the articles, and being officers of the so-called corporation, and attending some meetings.

1. The principal errors assigned are that the court erred in overruling defendants' motion for nonsuit, that the findings are not sustained by the evidence, that the court failed to find on some material issues, and, in effect, that the findings are not sufficient to support the judgment. Respondent asserts the bill of exceptions does not disclose that it contains all the evidence before the trial court, and therefore it will be presumed there was sufficient evidence to support the findings, and that the court had sufficient evidence justifying the overruling of the motion for nonsuit. And in support of which is cited (*Hecla Min. Co. v. Gisborn,* 21 Utah 68, 59 Pac. 518; *Olson v. Ry. Co.,* 24 Utah 460, 68 Pac. 148; and *Fields v. Min. Co.,* 25 Utah 76, 69 Pac. 528.) This doctrine is well established in this court. And while we have no disposition to relax it, we are disposed to treat this record as containing all the evidence. The bill of exceptions is a transcript of the official stenographer's notes, containing the testimony of the witnesses by questions and answers; in like manner, depositions, documentary evidence, and remarks of court and counsel; and the transcript is accompanied with a certificate from said stenographer certifying that "the foregoing is a full, true, and correct transcript of the testimony and other proceedings had on the trial of the foregoing entitled cause." The transcript, with the said declaration of the stenographer, is certified to, allowed and settled and signed by, the court, as and for the bill of exceptions. While, no doubt, it is the better practice to have the declaration either in the body of the bill, at the close of the evidence, or in the certificate of the court, in clear terms, to the effect that the bill contains all the evidence in the cause or bearing on the points illustrating the assigned error, yet we think the foregoing substantially shows this fact. With the statement in the bill that the "foregoing is a full, true, and correct transscript of the testimony and other proceedings had on the

trial," it is somewhat difficult for us to indulge in presumptions that there was something more by way of evidence, and yet it is not conclusive that there was no more. The term "testimony" is not as comprehensive as "evidence," and in fact is but a species or kind of evidence; but, when coupled with "other proceedings," we think the parties and the court here treated the whole matter as synonymous with "evidence," and meant to convey the idea that it was all the evidence. Where parties settle a bill of exceptions, if they desire to show that it contains all the evidence, the record should be made to so state it in clear terms. There is no reason why matters of this kind should be left open to uncertainty and conjecture, when with a few words it can be made certain (*Crooks v. Harmon*, 29 Utah 304, 81 Pac. 95.)

2. The court found that the goods were sold and delivered to the defendants. But there is no evidence showing that the goods were sold and delivered to the defendants Jensen, or either of them. The evidence conclusively shows that the dealings and transactions had in respect to said matters were with Roche, in the name of the Southern Utah Mercantile & Lumber Company, and the one who had charge of said business; and, so far as the record discloses, the defendants Jensen were unknown in said transaction, except only as they may have been members of said firm, or were obligors arising from their connection with an abortive corporation. It therefore became necessary and was material for the court to find upon that issue raised by the pleadings, and to find what connection or relation the said Jensens had with such company, or what they had to do therewith, or what they had to do with the business and dealings carried on in said name. This the court did not do. The finding "that the Southern Utah Mercantile & Lumber Company was not a corporation, either *de jure* or *de facto,* such as to enable the defendants to bind creditors," is all there is on the subject. Treating such a finding as sufficient that the said company was not a corporation, still there is a total want of finding as to what the defendants had to do with the business or dealings carried on under such name, or what their relations were with the same.

It is true, the defendants Jensen may be liable and held as partners by reason of their unsuccessful attempt to organize a corporation which in fact had no existence, because of non-compliance with conditions precedent to effect such organization, yet, to do so, it is necessary for the court to find what they had to do with the said supposed or attempted corporation, or what they had to do with the dealings and business carried on under such name, in the absence of any evidence showing that the goods were sold and delivered to them or their agent. It is also true that the evidence shows that the defendants Jensen were signers of the articles, one a president and director, and the other a director, and both were prospective stockholders of an attempted corporation, and attended meetings of such so-called corporation, from which it may be said and it may be inferred that they were connected with the said transactions and dealings, and were participating in or authorizing the conduct of the same. But the court did not find any such facts, nor any facts whatever connecting these defendants or showing their relation therewith. In a law case we are not at liberty to find facts or to draw deductions from them, and treat as found that which might have been found. It may be said that it was not necessary for the court to find upon these matters, inasmuch as the court found that the goods were sold and delivered to the defendants. But the evidence does not support such a finding. And so far as relating to the second cause of action, there is a total want of evidence of a sale or delivery of goods of any kind to any one. As the record now is before us, it may be said with some force that the Southern Utah Mercantile & Lumber Company was not a corporation, for the reason that the articles of incorporation were executed only by three incorporators, when the statute required at least five, and because a copy of the articles of incorporation was not filed with the Secretary of State, and no certificate was issued by him, and that ten per cent of the capital stock was not paid in as required by the statute, especially when coupled with the lack of sufficient evidence that the business was carried on in a corporate capacity, or by a company exercising corporate

functions. (Thomp. Cor., sec 508; *Jackson v. Crown Point Min. Co.,* 21 Utah 1, 50 Pac. 238, 81 Am. St. Rep. 651; *Abbott v. Omaha Smelting Co.,* 4 Neb. 416; 1 Cook, Cor. [5 Ed.], sec. 233, and cases.) And in case where parties merely assume a corporate name, and merely pretend to be a corporation which is such neither *de facto* nor *de jure,* the incorporators may be held liable as partners. But the difficulty here is, the court has not found that the defendants Jensen were incorporators or even stockholders of such pretended corporation, or that they had anything whatever to do with the same, or with the business or dealings carried on or conducted under such name. And the evidence showing that the goods were not sold or delivered to them or their agent, or upon any dealings or transactions had with them or any agent representing them, but showing that all the dealings or transactions were had in the name of said company with Roche, who had charge of and ran the business in said company name, therefore, in order to hold the Jensens liable, it was necessary for the court to find some agency or relation existing between Roche and the said defendants, or, if sought to hold them liable by reason of their connection or relation with some mere pretended corporation, to find such fact and their connection therewith, or with the business and dealings carried on in such name or the fact of some partnership, or some other fact. showing a joint and several liability. And for guidance of the court on a retrial of this case, it may not be out of place to observe that if it sought to find and hold the said defendants Jensen liable alone by reason of their connection with a mere pretended corporation, which in fact had no existence, and was neither a *de facto* nor a *de jure* corporation, the court should find more than the bare fact of their having signed articles. It should also find facts showing their participation in or authorization of the conduct of the business carried on in such name, or some holding out in respect thereto as principals in the business, or facts from which such matters may be inferred. (*Rutherford v. Hill* [Or.], 29 Pac. 547, 17 L. R. A. 549, 29 Am. St. Rep. 596; 17 Am. & Eng. Ency. L. 866;

*Ward v. Brigham,* 127 Mass. 24; *Johnson v. Corser,* 34 Minn. 355, 25 N. W. 799; *Blanchard v. Kaull,* 44 Cal. 440; *Humphreys v. Mooney,* 5 Colo. 282.

What we have here said on the question of this company not being a corporation is, of course, to have application only to the specific facts before us. Here there is a total want of evidence that the assignors of plaintiff dealt with said company as a corporation. The only evidence on the subject is that of Lowenberg, who said he did not know the company was an incorporated company which if anything tends to the contrary. The evidence is but scant and meager that the company was transacting business in a corporate capacity, or exercising corporate functions under a bona fide effort to organize under the law, and a belief that such organization had been effected; and, moreover, the court wholly failed to find on this issue presented by the pleadings. "It is the duty of the trial court to find upon all the material issues made by the pleadings, whether evidence be introduced or not, and, if there be no finding on a material issue, the judgment cannot be supported." (2 Spelling, New Tr. and App., sec. 591; *Speegle v. Leese,* 51 Cal. 415; *Golson v. Dunlap,* 73 Cal. 161, 14 Pac. 576.)

We do not wish to be understood in any manner as saying anything conflicting with the doctrine laid down by this court and supported by the great weight of authorities, that "where there has been a bona fide attempt to create a corporation, and an assumption and exercise of corporate functions sufficient to constitute a corporation *de facto,* as a general rule, its legal existence cannot be called in question collaterally," and especially where the complaining party has dealt with the company as a corporation. (*Marsh & Olsen v. Mathias et al.,* 19 Utah 350, 56 Pac. 1074; 1 Cook, Cor. (5 Ed.), sec. 234, and numerous cases there cited and collected.)

The court not having found (and, besides, there not being any evidence thereof) that the assignors of plaintiff dealt with the said company as a corporation, nor as to its assumption or exercise of corporate functions, or doing business in a corporate capacity under a bona fide attempt of incorporating

under the law and belief that such organization had been effected, we are not called upon to, and we do not here, decide whether, if such had been found to exist, the omissions or irregularities of the said company herein complained of are of such nature as to preclude a holding that the company was not even a *de facto* corporation.

The order of this court, therefore, is that the judgment of the court below be, and the same is hereby, reversed, and the cause remanded for a new trial; the costs of this appeal to be taxed against respondent.

BARTCH, C. J., and McCARTY, J., concur.