DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

*(Continued from Volume 31)*

---

DILLON IMPLEMENT CO. v. CLEAVELAND et al.

No. 1786.  Decided December 26, 1906 (88 Pac. 670).

1. TRIAL—FINDINGS—ISSUES.—The findings of the trial court must be within the issues when compared with the pleadings, and must cover all the material issues raised, whether arising on allegations in the complaint and denied in the answer, on an affirmative defense pleaded in the answer, or on a counterclaim denied or treated as denied by plaintiff.

2. JUDGMENT—FINDINGS ON ALL ISSUES.—No judgment can properly be rendered until there has been a finding on all material issues.

3. APPEAL—ASSIGNMENTS OF ERROR—SCOPE—REVIEW. — An assignment of error that the decision is against law is sufficient to present the failure of the court to find on all the material issues for review on appeal.

4. TRIAL—FINDINGS—CONCLUSIONS OF LAW.—A statement in the court's findings of fact that there remained due and owing to plaintiff the sum of $945.35, less the sum of $48.60, which the court found to be due defendants under their counterclaim, was a mere conclusion of law, and not a finding of fact on a counterclaim.

5. SAME—EVIDENCE—BURDEN OF PROOF.—Where the evidence was insufficient or there was no evidence in support of an issue raised, the findings of fact should be against the party on whom was the burden of proof.

6. APPEAL—FINDINGS OF FACT—FAILURE TO FIND—DISPOSITION OF CAUSE.—Where, in an action at law, it is determined on appeal that the court has failed to find on all the material issues raised by the pleadings, the judgment will be reversed and a new trial granted.[1]

---

[1] Fisher v. Emerson, 15 Utah 517, 50 Pac. 619; Clawson v. Wallace, 16 Utah 300, 52 Pac. 9; Klopenstine v. Hays, 20 Utah 45, 57 Pac. 712.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by the Dillon Implement Company against G. R. Cleaveland and another. From a judgment for plaintiff, defendants appeal.

REVERSED AND REMANDED WITH DIRECTIONS.

*W. R. Hutchinson* for appellants.

*Stewart & Budge* for respondent.

STRAUP, J.

The plaintiff, a corporation, engaged at Dillon, Montana, in the business of buying and selling grain, commenced this action in the district court of Salt Lake county, against the defendants, who are commission merchants at Salt Lake City, to recover the sum of $777, for oats sold and delivered by it to them between September 1 and December 15, 1902, which, it was alleged in the complaint, the defendants agreed to pay, but failed to do so. The defendants answered, and by way of counterclaim alleged that on the 22d day of September, 1902, the plaintiff and the defendants entered into a written contract by the terms of which plaintiff sold to the defendants 120,000 pounds of oats at ninety cents per hundredweight, to be delivered in thirty days; and that on the 7th day of October, 1902, the plaintiff and defendants entered into another written contract by the terms of which the plaintiff sold to the defendants 400,000 pounds of oats at ninety-three cents per hundredweight, to be delivered in thirty days; that plaintiff shipped only 40,000 pounds of the 120,000 pounds and only 40,000 of the 400,000 pounds, and failed and refused to deliver any more, to defendants' damage in an amount equal to that sued for by plaintiff. A trial before the court without a jury resulted in a judgment for the plaintiff. At the trial there was no dispute as to the defendants having received the quantity of oats sued for by

plaintiff. The principal issues tried arose with respect to the counterclaim. Upon those issues considerable evidence was introduced by both parties; that introduced on behalf of the defendants tended to support the allegations of the counterclaim; that introduced on behalf of the plaintiff tended to dispute those allegations. Upon all the issues presented by the counterclaim there is a substantial conflict in the evidence, especially with respect to the existence of the contracts, their terms, and the performance thereof. The trial court, after formal recitals, and after reciting that, "the plaintiff having introduced its evidence, and the defendants having introduced their evidence in rebuttal, and also in support of the counterclaim, and the plaintiff having introduced its proof in rebuttal of said counterclaim, and all the evidence having been adduced, and the respective parties' having rested their case, and the same having been submitted to the court for decision, found: "That between the 1st day of September, 1902, and the 15th day of December, 1902, the plaintiff sold and delivered to the defendants, at the defendants' special instance and request, at Dillon, Montana, goods, wares and merchandise of the value of $945.35. That the defendants agreed to pay plaintiff therefor the said sum of $945.35, but that defendants refused and neglected to pay said sum, or any part thereof. That no payments have been made on said indebtedness and that there still remains due and owing the plaintiff from the said defendants the sum of $945.35, less the sum of $48.60, which the court finds to be due the defendants, under and by virtue of their said counterclaim, leaving now due the plaintiff the sum of $896.75." Upon this finding conclusions of law were made that the plaintiff was entitled to judgment for said sum last named, and judgment was entered accordingly, from which the defendants appealed.

The errors assigned by them are: That the court erred (1) in denying the defendants' motion for a new trial because of the errors at law occurring at the trial, insufficiency of the evidence to justify the decision, and that the decision and judgment are against law; (2) in finding that

there was due plaintiff the sum of $896.75; (3) in not finding the facts alleged in the counterclaim in favor of the defendants, and as therein alleged by them; (4) in rendering judgment for the plaintiff, and that judgment ought to have been given for the defendants; and (5) that the decision and judgment in said cause are against law. No errors occurring at the trial are pointed out, discussed, or relied upon. The evidence with respect to the counterclaim being conflicting, we cannot say that the trial court should have found those issues in favor of the defendants. But it is quite apparent that the court wholly failed to find upon the issues of the counterclaim, and thus failed to find upon all the material issues raised by the pleadings. The law is well settled that the findings must be within the issues when compared with the pleadings, and must respond to, and cover, the material issues raised by the pleadings, and it is immaterial whether the issues arise upon allegations in the complaint and denied in the answer, or upon an affirmative defense pleaded in the answer, or upon a counterclaim, denied or treated as denied by the plaintiff. (Hayne, New Trial and Appeal, section 240; 2 Spelling, New Trial, section 591.) No judgment can properly be rendered until there is a finding upon all the material issues.

But the first question presented is whether the assignment of errors is sufficiently broad to permit us to review such failure to find. We are of the opinion that the assignment, that the decision is against law, is sufficient to present the question for review. The Supreme Court of California said:

"Whatever else may be meant by the expression 'decision against law,' we think there is no doubt that it includes a case where the decision is based upon findings which do not determine all of the material issues of fact raised by the pleadings." (Knight v. Roche, 56 Cal. 15.)

In *Spotts v. Hanley,* 85 Cal. 155, 24 Pac. 738, it was said:

"We pass then to the proposition advanced by the appellant in his reply brief, viz., that there is no finding upon a material issue raised

by the pleading, in this; that the answer pleads the Plate judgment is an estoppel against the plaintiff, and that there is no finding whether it is or is not a bar to the plaintiff's recovery. As one of the grounds given in the notice of motion for a new trial is that 'the decision is against law,' the point can be considered on this appeal."

In *Brison v. Brison,* 90 Cal. 323, 27 Pac. 186, it is said:

"When, upon the trial of a case, the court renders its decision without making findings upon all the material issues presented by the pleadings, it is held that such decision can be reviewed upon a motion for a new trial. In such a case there has been a mistrial, and the decision, having been rendered before the case has been fully tried, is considered to have been a decision 'against law.' "

While the assignment is not as specific and definite as we would like to see assignments made, yet we think the failure of the court to find upon all the material issues raised by the pleadings is sufficiently pointed out to authorize us to review the question. The issues presented by the counterclaim were material, and were such that a finding upon them in favor of the defendants would have defeated plaintiff's right of recovery, or would have the effect to countervail or destroy the effect of the findings on plaintiff's complaint. But, with respect to these issues, the findings are silent, and until they are disposed of no judgment could be properly pronounced. (*Swift v. Canavan,* 52 Cal. 417; *Billings v. Everett,* 52 Cal. 661; *Dowd v. Clarke,* 51 Cal. 262; *Byrnes v. Claffey,* 54 Cal. 155; 2 Spelling, section 591.)

Until the court has found on all the material issues raised by the pleadings, the findings are insufficient to support the judgment. (*Krug v. Brewing Co.,* 129 Cal. 322, 61 Pac. 1125.) It, however, is argued that, by the statement in the findings, "there remains due and owing the plaintiff the sum of $945.35, less the sum of $48.60, which the court finds to be due the defendants under and by virtue of their said counterclaim," the court found on the issues raised by the counterclaim. Such statement is not a finding of fact. It is a mere conclusion of law. It is well settled that conclusions of law cannot be made to perform the office of findings. For a finding to be sufficient, either the ultimate fact

must be found or facts from which the ultimate fact is necessarily deducible. The defendants were entitled to distinct findings upon every material issue made by the pleadings, and unless waived, it was the duty of the court to make such findings regardless of any request of the parties. Findings should be sufficiently definite and certain as not to require an investigation or review to determine what issues are decided. The trial court should assume the labor of comparing the allegations of the pleadings and the issues joined thereby with the facts found by it, and should make a clear, orderly and concise statement of the ultimate facts in the findings from which it may readily be ascertained just what is found by the court, without investigating the evidence or resorting to the pleadings to determine what ultimate facts are found, or what issues are decided. (2 Spelling, section 593; *Downing v. Graves*, 55 Cal. 544; *Harlan v. Ely*, 55 Cal. 340; *Perkins v, West Coast Lumber Co.*, 120 Cal. 27, 52 Pac. 118; *Haight v. Tryon*, 112 Cal. 4, 44 Pac. 318.)

Upon the findings made we have no means of determining how the court came to the conclusion that there was due $48.60 on the counterclaim; upon what facts such conclusion was based; whether it was based upon one or both contracts alleged in the counterclaim; or, if upon either, from the violation of what terms or conditions it arose. Such result cannot even be ascertained by resorting to the evidence. The further reply, made by the respondent, that the defendants failed to establish by a preponderance of the evidence that they were entitled to anything on their counterclaim, and therefore they cannot complain of the failure to find on such issues, is not tenable. It was the duty of the court to find upon all the material issues, including those raised by the counterclaim, regardless of insufficiency of evidence to support them, or even though no evidence had been introduced in their support, unless waived. If the evidence was insufficient, or if there was no evidence in their support, the findings of fact should have been against the party upon whom was the burden of proof. (*Golson v. Dunlap*, 73 Cal. 161, 14 Pac. 576.)

A further difficulty arises with respect to whether we are authorized to and whether we should remand the cause with directions to the trial court to complete the case and make findings upon the omitted issues and render a judgment accordingly, or whether the judgment must be reversed and a new trial granted. Upon a careful consideration of the matter, we have very reluctantly come to the conclusion that in a law case, where the court has failed to find upon all the material issues raised by the pleadings, we are left with no alternative but to reverse the judgment and award a new trial. Such has been the general practice of the courts of California and other states. (*Roeding v. Perasso,* 62 Cal. 515; *Krug v. Brewing Co.,* supra; *People v. Forbes,* 51 Cal. 628; *Brown v. Burbank,* 59 Cal. 535; *Drainage Dist. v. Crow,* 20 Or. 535, 26 Pac. 845.) The rule seems to be established by this court, that after the trial court has filed findings and entered judgment, it has no power or authority to make supplemental, additional, or other findings, and that, after the court heard a case on the merits, made and filed written findings and conclusions, the trial was ended, and that the court had neither authority nor power to make other findings of fact than those found, without a motion for a new trial, or without first setting aside the findings of fact and granting a new trial. (*Fisher v. Emerson,* 15 Utah, 517, 50 Pac. 619; *Clawson v. Wallace,* 16 Utah, 300, 52 Pac. 9; *Klopenstine v. Hays,* 20 Utah, 45, 57 Pac. 712.) In speaking on the question of supplying a finding on an omitted issue, Mr. Hayne, in his work on New Trial, at section 247, says: "It would seem, upon principle, that the court has no such power, for the finding upon an omitted issue may give rise to different legal principles and may, therefore, require the direction of a contrary judgment from the one ordered, and this would be a change of the final judgment of the court in a way not pointed out by statute. Such an omission is ground for an appeal from the judgment and is ground for a motion for new trial, and it would seem that the party should be confined to these remedies." To the

same effect is *Richter v. Henningsan,* 110 Cal. 530, 42 Pac. 1077.

If, after filing the findings and conclusions, the trial court had no authority or power to supply a finding on an omitted issue, or make supplemental or additional findings without first setting aside the findings of fact and granting a new trial, we see no authority or power vested in us to direct the trial court to do so, or to direct it to do something in a manner which it has no right to do.

For the foregoing reasons, the judgment of the court below is reversed, and the cause remanded to the trial court, with directions to grant a new trial. Costs to be taxed against respondent.

McCARTY, C. J., and FRICK, J., concur.