## PIPER v. EAKLE.

No. 5103.   Decided September 11, 1931.   (2 Pac. [2d] 909.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*J. J. Whitaker,* of Salt Lake City, for respondent.

CHRISTENSEN, District Judge.

This is an action at law by the plaintiff and respondent against the defendant and appellant to recover for damages alleged to have been suffered by plaintiff on account of the negligence of defendant in driving his Ford truck upon and against the plaintiff's Chevrolet coupe automobile, which was parked parallel to the curb in front of plaintiff's home.

The trial court found in favor of plaintiff and against the defendant, and defendant appeals. Appellant makes a number of assignments of error which relate to the findings of the court as to: First, that the respondent's car was lawfully parked at the time of the collision; second, that the appellant carelessly and negligently ran into respondent's automobile; third, that by reason of the collision respondent's automobile depreciated in value to the extent of $75— for the reason that the findings are not supported by the evidence. Appellant's assignments of error also relate to the court's failing to make finding as to appellant's counterclaim; and, second, failing to find that respondent negligently left his automobile parked in violation of sections 1855 and 1862 of the city ordinances of Salt Lake City, and that by reason of such negligence on the part of respondent the appellant's automobile was damaged. The assignments of error also relate to the court's drawing conclusions of law that appellant is entitled to nothing by reason of his counterclaim and that respondent is entitled to recover from appellant the sum of $53.65 for renewal of injured parts of respondent's automobile, and in addition thereto the sum of $75 for diminished market value of said automobile by reason of the accident; and, lastly, relate to the court

entering judgment in favor of respondent and against the appellant.

In his brief the appellant stresses the failure of the court to make any findings as to defendant's counterclaim and the failure of the court to make any finding as to whether or not the plaintiff negligently left his automobile parked without a tail-light burning in violation of sections 1855 and 1862 of the city ordinances of Salt Lake City, ■ and whether or not such negligence, if found by the court, was a proximate cause and contributed to the injury alleged. The defendant in his answer and in his counterclaim raises the issue of contributory negligence on the part of the plaintiff by alleging that the automobile of plaintiff was at the time of the collision parked in violation of sections 1855 and 1862 of the ordinances of Salt Lake City, by reason of not having a rear light burning at about 10:30 o'clock p.m., and by further alleging that the plaintiff's negligence in so parking his car caused the damage complained of, and that thereby plaintiff was guilty of contributory negligence; which allegations in defendant's answer and counterclaim were denied in the reply of the plaintiff. This issue was a material issue in the case, and under sections 6828 and 6829, Comp. Laws Utah 1917, it is the duty of the court to find upon all material issues raised by the pleadings, and the failure to do so is reversible error as has been repeatedly held by this court. *Baker* v. *Hatch, Sheriff et al.,* 70 Utah 1, 257 P. 673; *Mitchell* v. *Jensen,* 29 Utah 346, 81 P. 165; *Everett* v. *Jones,* 32 Utah 489, 91 P. 360; *Dillon Implement Co.* v. *Cleaveland et al.,* 32 Utah 1, 88 P. 670; *Holm* v. *Holm,* 44 Utah 242, 139 P. 937; *Snyder* v. *Allen,* 51 Utah 291, 169 P. 945; *Hillyard* v. *District Court,* 68 Utah 220, 249 P. 806.

The trial court, in its preamble to the findings and conclusions of law, says: "The court being fully advised in the premises finds the issues in favor of the plaintiff and against the defendant, and the issues on the counterclaim against the defendant no cause of action."

That is the only reference to the counterclaim, and there were no specific findings at all as to the counterclaim of defendant. The only finding of the court regarding the issue of whether plaintiff's car was parked without a rear light at the time of the collision is:

"That on the date alleged in the complaint, to-wit, 19th of September, 1929, the plaintiff had his car lawfully parked near the curb in Salt Lake City, at 1952 South 5th East Street, Salt Lake City, Utah."

This finding is a mere conclusion of law and is silent as to absence of tail-light and as to its absence being a proximate cause of the collision. The other findings of the court do not supply the omission, and the trial court therefore failed to make any finding upon these material issues. The plaintiff, in his brief, raises the point that the evidence shows such a condition existing at the time and place of the collision that whether the plaintiff left his rear light burning or not made no difference and is no defense unless such failure was the proximate cause of the collision. On that point this court has held:

"That although a trial court erred in not making findings upon all of the material issues, where it appears that no findings other than in support of the judgment would have been permissible the judgment will be affirmed." Snyder v. Allen, supra. While the court perhaps should have made a finding upon the issue of adverse possession, yet, in view that no finding except one adverse to the defendant's contention was permissible under all the evidence, the error, if any was committed, was immaterial, and hence without prejudice." Sheppick v. Sheppick, 44 Utah 131, 138 P. 1169, 1171.

Upon the point of whether the absence of a tail-light misled the defendant as to the presence of the plaintiff's automobile, the evidence is directly conflicting; some witnesses say that the arc light near the car made it visible for a distance of two blocks, and that the place was almost as light at the time of the accident, as the court room, or as in daylight. The defendant testified that the parked car was in the shade of a large boxelder tree, and that if there

had been a red light on the rear of plaintiff's car he could have seen the automobile before he did and could have stopped his car in time to have avoided the collision; and other witnesses say that the boxelder tree throws a shadow at that point, and that the light was poor under the tree, and it was dark where the collision occurred.

Reasonable and fair-minded men may well differ in their conclusions from the evidence on this point, and it cannot be said that no findings other than in support of the judgment or adverse to the defendant's contention were permissible under the evidence.

We are therefore of the opinion that the trial court committed reversible error in failing to find upon the above issues tendered in the answer and counterclaim of the defendant and denied by the reply of the plaintiff.

It is the further contention of appellant that the trial court erred in finding that the defendant carelessly and negligently ran into the automobile of the plaintiff, but appellant fails to state upon what grounds he claims the court erred in so finding; whether the finding is a mere conclusion of law, is not supported by evidence, does not support the judgment, or any other grounds. The assignment of error is therefore not sufficient for this court to review and pass upon it.

Appellant also claims that the lower court erred in finding that plaintiff's automobile depreciated in value to the extent of $75 for the reason that the finding is not supported by the evidence. We cannot agree with this view, as it appears to us that there is sufficient in the record to support the court's finding on that issue.

There may be some question as to the sufficiency of the complaint, but as that matter was not raised in the trial court nor upon the appeal, this court refrains from expressing any opinion thereon.

Since it is the opinion of this court that the failure of the lower court to find upon material issues raised in the case was reversible error, it is ordered that the judgment

of the district court be and the same is hereby reversed, and the cause remanded for a new trial at respondent's cost.

ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

STRAUP, J.

I concur in the reversal of the judgment and in remanding the case for a new trial. In his complaint the plaintiff alleged that while his automobile at a time stated and a place described in Salt Lake City "was lawfully parked," the defendant "carelessly and negligently and without due care ran a large truck against said automobile" to plaintiff's damage in the sum of $153.65. In no particular are the acts of the alleged negligence otherwise characterized or described. The defendant did not demur to the complaint either by special or general demurrer. He answered denying the alleged negligence and pleaded contributory negligent on the part of the plaintiff in parking his car in the night-time without a rear or tail-light in violation of a pleaded ordinance of the city, by reason of which the defendant, though in the exercise of ordinary care and blinded by headlights of an approaching automobile, was unable to discover the plaintiff's car and avoid collision with it. Such act of negligence on the part of the plaintiff was also pleaded by the defendant as a counterclaim on which he sought to recover $25 for an injury to his truck.

The court made findings that the plaintiff's automobile "was lawfully parked near the curb" at the time and place stated in the complaint; that the defendant at 10:30 p.m. "driving a truck at the rate of ten or fifteen miles per hour on said street and at said time and place became blinded by the lights of an on-coming automobile" and "turned to the right to avoid colliding with said automobile and carelessly and negligently ran into the automobile of the plaintiff parked as aforesaid damaging the rear end of said automobile belonging to the plaintiff," and that it cost

him $53.65 to repair it, and that its market value was diminished in the sum of $75. As conclusions of law the court found that "the defendant is entitled to nothing by reason of his counterclaim" and that the plaintiff was entitled to judgment in the sum of $128.65. Judgment was entered accordingly.

I concur in the holding that the court did not find on all of the material issues. The finding that plaintiff's car was "lawfully parked" was a mere conclusion. The pleaded ordinance of the city was denied. No finding was made as to whether there was such an ordinance or not. Nor is there any finding as to whether there was or was not a rear or tail-light on plaintiff's car. Nor is there any finding as to whether the absence of such a light was a proximate or contributing or no cause of the collision.

I now look to the finding as to the defendant's negligence. The findings of fact by the court in such respect are that the defendant was driving a truck at ten or fifteen miles an hour and being blinded by lights of an approaching automobile turned to the right to avoid collision with it and ran into plaintiff's car. The characterization of negligence is that the defendant on being blinded by the lights and in turning to the right to avoid a collision with the approaching automobile "carelessly and negligently ran" into plaintiff's car. But what the defendant in turning to the right did or omitted to do is not found, except to avoid a collision with the approaching automobile. In no other particular is the negligence of the defendant characterized. Though it be claimed that such finding in general terms of negligence—that the defendant "carelessly and negligently ran into plaintiff's automobile"—is sufficient because in such respect found in language and in general terms as alleged in the complaint, yet that does not obviate the insufficiency of the finding in such particular. Though it be assumed that a complaint charging negligence only in general terms without alleging the acts of commission or omission or the facts constituting the claimed negligence

is bad as against a special demurrer, which here was not interposed, yet is good as against a general demurrer and is sufficient to permit evidence of the specific committed or omitted acts constituting the negligence, nevertheless when findings are made, the facts or acts constituting the negligence must be found. When it is said that findings in language of the complaint are sufficient, that applies only to cases where the ultimate facts and not mere conclusions are alleged in the complaint. The court was required to find the material facts in accordance with the evidence and within the issues. In doing so he was required to specifically find the ultimate facts, and not mere conclusions, or to find the secondary facts from which the ultimate facts may be deduced. That was not done. The finding in such particular is no better than was the finding that the plaintiff's car was "lawfully parked" near the curb.

It, however, is urged that the assignment as to the finding with respect to the defendant's negligence is not sufficiently specific and is too general to justify a review of it. I think that true to justify a review as to questions of sufficiency of evidence to support the finding, but I think the assignment sufficient to warrant a review as to fatal infirmities appearing on the face of the finding itself and such as here respecting its sufficiency to dispose of a material issue and to support the judgment. As to such a finding most any kind of an assignment challenging it is good enough.

CHERRY, C. J., being absent, did not participate herein.