## Commonwealth by Jacobs, Revenue Agent, v. Douglas' Executor.

(Decided December 18, 1931.)

588

J. W. CAMMA'CK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellant.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Overruling motion to discharge surety.

The commonwealth of Kentucky on relation of Walter F. Jacobs, its revenue agent, filed in the Kenton county court the statement required by section 4260-1 of the Kentucky Statutes for the purpose of having certain property alleged to have been omitted from assessment for taxation assessed for that purpose against the estate of Ralph J. Douglas, deceased. On December 13, 1929, a judgment was entered in the Kenton county court adjudging that taxes to the amount of $15,821.82 had been omitted from payment, and should be assessed against the named estate. Thereafter the personal representative of this estate took an appeal to the Kenton circuit court and, as required by law, executed the supersedeas bond provided for by section 724 of the Civil Code of Practice; the bond being to the effect that the appellant would satisfy and perform the judgment that should be rendered upon the appeal. The case coming on to be heard in the Kenton circuit court, a judgment was rendered setting aside the judgment of the Kenton county court and dismissing the commonwealth's statement. The commonwealth through its revenue agent

objected and excepted to this judgment of the Kenton circuit court and prayed an appeal to this court, which was granted by the circuit court. However, the transcript of the record was not filed in this court within the time required by section 738 of the Civil Code of Practice to perfect the appeal granted the commonwealth by the lower court. The appellees have filed in this court a copy of the judgment of the Kenton circuit court and a motion asking this court to dismiss the appeal granted by the Kenton circuit court, and to discharge the surety on the appeal bond executed in the circuit court to perfect the appellee's appeal from the judgment of the Kenton county court. In so far as the motion embraces the request for this court to dismiss the appeal granted by the Kenton circuit court, it will have to be sustained, as the commonwealth admits. Civil Code of Practice, sec. 740; Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893. However, a different question is presented as to discharging the surety on the appeal bond executed in the circuit court to perfect the appeal from the county court. Although the appeal granted by the Kenton circuit court must be dismissed, the commonwealth yet has two years from the date of the judgment in the Kenton circuit court to take an appeal in this court (Civil Code of Practice, sec. 745). Hays v. Jenkins, 190 Ky. 518, 227 S. W. 797. Should it elect to do so, and this court should reverse the judgment of the Kenton circuit court, and hold that the property or any part of it ordered to be assessed by the Kenton county court should be assessed, the judgment entered in the Kenton circuit court pursuant to our mandate would, when so entered by that court, be the final judgment in that court on the appeal from the Kenton county court. The condition of the bond executed by the appellees is that they will perform the judgment that shall be rendered upon the appeal in the Kenton circuit court, and that appeal is not finally disposed of so far as the liability of the sureties on the appeal bond are concerned, until this court has affirmed or reversed the judgment of the Kenton circuit court, or unless the time allowed for the taking of an appeal to this court has expired.

In the case of Robinson, Receiver, v. Plimpton, 25 N. Y. 484, the plaintiffs brought suit upon an appeal bond given under section 335 of the then New York Code on an appeal by one of the stockholders of a bank to the General

Term of the Supreme Court from an order of the Special term confirming the report of a referee apportioning the debts of the bank among the stockholders, and rendering judgment against the appellant for his share of the debt. The appeal bond was to the effect that, if the judgment appealed from or any part of it should be affirmed, the appellant would pay the amount directed to be paid by the judgment or the part as to which it should be affirmed. The judgment at the Special Term was reversed at the General Term, but, on an appeal to the Court of Appeals of New York, the judgment at the General Term was reversed and that of the Special Term affirmed. It was held that the sureties on the appeal bond above mentioned were liable on the ultimate affirmation by the Court of Appeals of the judgment of the Special Term. The court said:

"In terms, the undertaking does not restrict the liability of the defendants to the contingency of an affirmance of the judgment by the Supreme Court. The condition may as well refer to an affirmance by the judgment of any court to which the cause may go by appeal, or the final decision of the action in the court of last resort. There was no reason for making the undertaking effectual only upon the first appeal, and for the judgment of a court which was not necessarily final; and the statute, and the undertaking given in pursuance of it, have respect to the final determination in the court of last resort, or the last court to which the parties may take it by appeal. The cause is the same in every court, and the question in each is the same, to wit, whether the first judgment—that appealed from by the defendants' principal—was erroneous and should be reversed, or was right and should be affirmed. The condition is, in substance, for the ultimate affirmance of the judgment appealed from."

This Robinson Case was cited with approval in the case of Foo Long v. American Surety Co., 146 N. Y. 251, 40 N. E. 730, although the principle of that case was held inapplicable in the Foo Long Case.

In the case of Crane v. Weymouth, 54 Cal. 476, there was an appeal in an action of ejectment from a judgment of the district court to the Supreme Court of California, which reversed the judgment of the district court. On

appeal to the Supreme Court of the United States (Huff v. Doyle, 93 U. S. 558, 23 L. Ed. 975), the judgment of the Supreme Court of California was reversed, and that of the district court affirmed. Suit was brought upon the appeal bond executed at the time the appeal was taken from the district court to the Supreme Court of California, and, in holding the sureties liable upon that bond, the Supreme Court of California said:

"The contract of defendants was, that if the judgment of the District Court should be affirmed by the Supreme Court of the State, they would pay, etc. The judgment was affirmed, and their liability accrued. The legislation of the State is to be construed in view of the possibility that a judgment of this Court, reversing a judgment of the District Court, might in turn be reversed, and that no final judgment of this Court could in such case be entered until the cause had been disposed of in the Supreme Court of the United States. Assuming that the last judgment of this Court is not absolutely void, it is a judgment, and the only one affirming the judgment of the District Court."

See, also, Babbitt v. Finn, 101 U. S. 7, 25 L. Ed. 820.

It may be, as is shown in this case, that it works a hardship on the Douglas estate to be kept waiting by the commonwealth during the two-year period within which it has a right to appeal, but the estate, when it took the appeal to the Kenton circuit court, did so charged with notice that the contingency which has happened might happen, and with this notice, if it chose to secure corporate surety with the attendant expense, it cannot now complain. The motion to discharge the surety on the appeal bond will have to be overruled.

Whole court sitting.