## PIPER v. HATCH et al.

No. 5540.   Decided April 10, 1935.   (43 P. [2d] 700.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellants.

*J. J. Whitaker,* of Salt Lake City, for respondent.

MOFFAT, Justice.

This is an appeal upon the judgment roll. Neither party has furnished us with what may be regarded as a statement of facts, and we are compelled to rely upon the pleadings and such statements as we have been able to glean from the briefs of appellants and respondent. We are able, however, to construct out of what is here the following: J. C. Piper, the plaintiff in this action, commenced an action in the city court of Salt Lake City on the 10th day of December, 1929, against B. B. Eakle. In that action the plaintiff recovered judgment for $125.65. Defendant appealed to the district court of Salt Lake county and furnished an undertaking on appeal for costs and a bond to stay execution during the pendency of the appeal. Upon trial in the district court the plaintiff recovered judgment for $179.05. The defendant, upon a cost bond only, then appealed to the Supreme Court of Utah. This court reversed the judgment of the district court and remanded the cause for a new trial [*Piper* v. *Eakle,* 78 Utah

342, 2 P. (2d) 909]. Upon the new trial the district court again entered judgment ʄfor the plaintiff for $179.05. No appeal was taken from the latter judgment.

The judgment was not paid by Eakle, and the plaintiff, J. C. Piper, commenced this action in the city court of Salt Lake City against the sureties, appellants here, on the undertaking furnished at the time the appeal was taken from the city court to the district court in the former action. In this action, among other things, there were set out the filing of the complaint to recover damages growing out of an automobile accident in December, 1929, and the recovery of judgment against Eakle in that action, the appeal therefrom to the district court of Salt Lake county, the filing of a written undertaking on appeal by the defendant Eakle in that action with the defendants in this action as sureties upon the undertaking, and as part of the complaint there was set out the undertaking on appeal, the material parts of which to be examined here are as follows:

"We, the undersigned, undertake and agree in the sum of $100.00 that the appellant will pay all costs on appeal, and we further undertake and agree that if the judgment appealed from or any part thereof be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount to which the judgment is affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon appeal, not exceeding the sum of $251.30 for which sum we acknowledged ourselves to be held and firmly bound."

The cause was tried in the city court resulting in a judgment by default in favor of the plaintiff. Appeal was then taken to the district court of Salt Lake county and the case was there tried. The only evidence submitted to the court was the files in the former case, which have not been made part of the record. The district court found in favor of the plaintiff and against the sureties upon the undertaking filed. The sureties, appellants here, have assigned four errors, contending: (1) That the reversal of the first district court judgment by the Supreme Court released

the sureties; (2) that there was no strict compliance with the conditions of the undertaking; (3) that the finding of fact that the judgment of the lower court was affirmed was not supported by the evidence; and (4) that there was no finding upon the material issue as to whether the reversal of the first judgment of the district court released the sureties on the undertaking.

Appellants' assignment No. 3 may not be considered for the reason that appellants have not brought to this court any transcript of the evidence and we are, therefore, unable to examine the evidence, and in the absence of any evidence the presumption is that there was sufficient evidence submitted to the district court to support the finding made. The second contention, that there was no strict compliance with the conditions of the undertaking, is in the same category.

Assignment No. 4 raises the question that no finding was made by the district court upon the defense pleaded by defendants relating to the reversal of the judgment of the district court in the case of *Piper* v. *Eakle* on appeal to the Supreme Court. It is the duty of the trial court to make findings on all material issues raised by the pleadings, and failure to do so is regarded as reversible error. *Piper* v. *Eakle,* 78 Utah 342, 2 P. (2d) 909; *Dillon Implement Co.* v. *Cleaveland,* 32 Utah 1, 88 P. 670; *Thomas* v. *Clayton Piano Co.,* 47 Utah 91, 151 P. 543; *Mitchell* v. *Jensen,* 29 Utah 346, 81 P. 165; *Thomas* v. *Farrell,* 82 Utah 535, 26 P. (2d) 328. Appellants, however, have made a statement of facts as to that matter, and, conceding appellants' statement in their answer to be the facts as to that issue, the only finding which the court could have made would have been that such appeal had been taken and the result thereof. The allegation of the answer was not denied and such issue as was raised thereby would have permitted of but one finding. Accepting the facts to be as appellant claims them to be, the plaintiff would still be entitled to recover. Had the court made such finding as it should have done, the judgment would have been the same. Had such finding been made the

appellants could not have been benefited thereby, and they were not prejudiced as it would not have affected the result. If the cause were sent back for a new trial, the result must necessarily be the same. A new trial would be a futile thing. *I. X. L. Stores Co.* v. *Moon,* 49 Utah 262, 162 P. 622. This will more fully appear from the discussion relating to the bond on appeal.

An examination of the bond reveals that it is broad in its terms. It conforms to the statutory requirements. Within the terms of the undertaking the bond is conditioned for the payment of the judgment appealed from, if it is affirmed in whole or in part, or if the appeal be dismissed. The sureties further agree that they will pay the amount █ *directed to be paid by the judgment in the action.* They bind themselves to pay the judgment recovered in the city court if it is affirmed in whole or in part. Under such undertaking as the sureties filed herein they are not released by an intermediate reversal of the judgment of the district court where, upon a second trial, a judgment is recovered which ulitmate judgment, in effect, is an affirmance of the original judgment. *Crane* v. *Weymouth,* 54 Cal. 476; *Commonwealth, by Jacobs,* v. *Douglas' Ex'r.* 241 Ky. 587, 44 S. W. (2d) 600.

By the provisions of R. S. Utah 1933, 20-4-18, the statute relating to appeals from justices' courts to district courts is made applicable to appeals from the city court to the district court. Section 104-77-6, relating to appeals from justices' courts, contains the following language relating to the undertaking on appeal:

"* * * when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him *in said action in the district court.*" (Italics ours.)

The provisions of the statute and of the undertaking are clear. The cause or the action is the same in every court.

The question is: Was the judgment appealed from erroneous or should it be affirmed? The statute and the bond in substance provide for the payment of the judgment appealed from if ultimately affirmed or any judgment recovered on the appeal. Unless by its terms the undertaking is otherwise limited than as provided by the statute, the intent and purpose is to protect the judgment debtor in the action until final determination in the court of last resort.

The judgment of the lower court is affirmed. Costs to respondent.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.