## THE UTAH ASSOCIATION OF CREDIT MEN, Respondent, v. HOME FIRE INSURANCE COMPANY OF UTAH, Appellant.

No. 1971.   Decided June 9, 1909   (102 Pac. 631).

1. APPEAL AND ERROR—REVIEW OF EVIDENCE—FINDINGS. The court on appeal in a law case may look into the evidence to ascertain whether a finding of fact is supported by the evidence, but it cannot look into the evidence to make a finding, nor treat as found that which might have been found. (Page 25.)

2. INSURANCE—ACTION ON FIRE POLICY—ISSUES—FINDINGS. Where, in an action on a fire policy stipulating for immediate notice of loss in case of fire, the pleadings put in issue the question whether notice of loss was given, a finding of fact on the issue was essential, and a finding that notice was not given, but that it was waived by insurer without finding the facts on which the conclusion of waiver was based, was insufficient to support a judgment against insurer. (Page 25.)

3. TRIAL—FINDINGS OF FACT—SUFFICIENCY. Findings of fact which merely announce legal conclusions deducible from facts not stated do not support a judgment. (Page 26.)

4. INSURANCE—ACTION ON FIRE POLICY—ISSUES—FINDING—SUFFICIENCY. Where, in an action on a fire policy requiring proofs of loss within sixty days after a fire, the complaint alleged that proofs of loss were furnished in accordance with the policy, and the answer specifically alleged that proofs of loss were not furnished, and the reply averred that proofs of loss were furnished nearly six months after the fire, and that insurer because of a disclaimer of liability waived proofs, findings that proofs of loss were furnished substantially as provided in the policy except that they were not rendered within sixty days after the fire, but that insurer was not prejudiced by the failure and waived it without any finding of fact as to the waiver, were insufficient to support a judgment against insurer. (Page 26.)

5. TRIAL—FINDINGS—SUFFICIENCY. A general finding that all the material allegations of the complaint are true, and that defendant failed to establish by any competent proof its defense, is too indefinite, and is insufficient. (Page 28.)

6. APPEAL AND ERROR—POWER TO REMAND CAUSE—STATUTES. Under Comp. Laws 1907, sec. 3304x, authorizing the Supreme Court when the findings are incomplete to order the trial court to add to or complete the findings so as to make the same conform to the issues, the Supreme Court will, where the findings are uncertain and insufficient, remand the cause to the trial court, with directions to vacate the findings and the judgment, and make findings of fact on all the issues, and to separately make conclusions of law on the facts found, and to enter judgment accordingly. (Page 28.)

7. APPEAL AND ERROR—JUDGMENTS APPEALABLE. A judgment entered by the trial court after the remand of the case by the Supreme Court with directions to the trial court to vacate the findings and set aside the judgment and make findings of fact on the issues, and to separately state conclusions of law on the facts found, and enter judgment accordingly, is appealable. (Page 28.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action to recover upon fire insurance policy.

From a judgment for plaintiff, defendant appeals.

REVERSED AND REMANDED.

*Moyle & Van Cott* and *O. W. Moyle* for appellant.

*Mathoniah Thomas* and *E. B. Critchlow* for respondent.

STRAUP, C. J.

This action was brought to recover on a policy of fire insurance alleged to have been issued and delivered by the defendant, insuring property of the Mona Co-operative Mercantile Institution, consisting of a store building, fixtures, and merchandise. After the fire the claim was assigned by the insured to the plaintiff. The policy, among other things, provides that, "if fire occur, the insured shall give immediate notice of any loss thereby in writing to this company," the insurer. It further provides that "within sixty days after the fire, unless such time is extended in writing

by this company," the insured "shall render a statement to this company signed and sworn to by said insured stating" certain matters and things specified in the policy, commonly called proofs of loss. It was also stipulated in the policy that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced in twelve months next after the fire." Among other things, it was alleged in the complaint that on the 9th day of July, 1904, the defendant, in consideration of the payment of the premium, issued and delivered the policy, and that it was in force and effect at the time of the fire; that the insured had complied with and had performed all the terms and conditions of the policy on its part to be kept and performed; that the defendant refused to pay the loss or any part thereof, and at all times since the loss disclaimed and denied all liability on the policy or in the premises. The defendant in its answer alleged that it insured the property of the insured for the year just prior to July 9, 1904; that on the 1st day of July, 1904, it issued and mailed to the insured a renewal policy, the one sued on, to commence at the expiration of the old policy and to continue for one year thereafter, and at the same time mailed the insured a statement of the amount of the premium and requested payment of it; that the insured had not requested and had not applied for a renewal of the policy; that no confirmation or acceptance was made of it by the insured; and that it had not paid nor offered to pay the premium due on the policy. The defendant denied in the language of the complaint that the insured had complied with or had performed all the terms and conditions of the policy on its part to be kept or performed, and to the contrary alleged that neither the insured nor its assignee gave written notice of the loss, and that neither of them furnished or rendered proofs of loss, as stipulated for and provided by the policy. It also denied in the language of the complaint that since the loss it refused to make any payment, or that it had disclaimed or denied any liability on the policy or in

the premises, but alleged that since the institution of the suit it refused to make any payment whatsoever on the policy. It otherwise denied all the material allegations of the complaint. The plaintiff in its reply admitted that the premium was not paid when the policy was received, but alleged that "a legal tender of the premium was made thereafter," and that the defendant waived prepayment by extending credit. Plaintiff denied that written notice of the loss was not given, or that proofs of loss were not furnished. To the contrary, it alleged that proofs of loss were made on the 8th day of June, 1905 (five months and twenty-four days after the fire), and that such proofs were made and rendered in accordance with the terms of the policy, and that, by reason of the "defendant's disclaimer and denial at the time of the loss" and "of its present disclaimer and denial of any liability whatsoever under the policy," it "is estopped and precluded from demanding, exacting, or expecting any proofs of loss whatsoever," and the "plaintiff is absolved from furnishing any."

The case was tried to the court without a jury. Upon the evidence adduced by both parties the court found: That the policy was issued and delivered by the defendant on the 9th day of July, 1904, "for a consideration to be paid," and that it was in effect at the time of the fire, which occurred on the 14th day of December, 1904. That the property, of the value of three thousand dollars, was totally destroyed by fire, and that the defendant failed to pay the loss or any part thereof. That the claim was assigned to the plaintiff. "That the Mona Co-operative Institution has duly complied with and performed all the terms and conditions of said policy on its part to be kept and performed, except that neither it nor its assignee, the plaintiff herein, gave written notice of loss by the fire aforesaid to the defendant; but that nevertheless the defendant by its conduct waived any such notice, and was not prejudiced by such failure to give it; and, further, that the Mona Co-operative Institution did render to said defendant a statement as specified in line seventy-one and the following lines of said policy concerning said

loss (relating to proofs of loss), which substantially complied with the terms of said policy in that regard, except that said statement was not rendered within sixty days after the fire aforesaid, but that said defendant was not prejudiced by the failure to render it within that period; and, further, that more than sixty days elapsed after such statement was rendered to said defendant, and that more than ninety days elapsed after said fire before suit was instituted by the plaintiff herein after actual notice, estimate, and substantial proof of the loss as required by the policy had been received by the said defendant, and after its failure upon demand to pay the said loss or any part thereof." The court also made a general finding "that all of the material allegations of the complaint are true, and that the defendant failed to establish by any competent proof its defense herein." The only conclusion of law made is "that the plaintiff is entitled to judgment against the defendant" in the sum of two thousand dollars, the amount of the policy, together with interest and costs. Judgment was entered accordingly, from which the defendant has prosecuted this appeal.

It contends that the conclusion of law and the judgment are not supported by the findings, and that the findings are not supported by the evidence. It urges that the provisions of the policy requiring the insured to give immediate notice in writing of the loss by fire, and within sixty days after the fire to render proofs of loss, were conditions precedent; that, to entitle the plaintiff to recover, it was essential to aver and prove that notice of the loss was given in writing within a reasonable time after the fire, and that proofs of loss were rendered within sixty days after the fire, or that performance of these requirements was waived; and that it is neither shown by the evidence nor found by the court that such notice was given, or that such proofs were rendered, nor that the giving of such notice or the furnishing of proofs was waived. The respondent contends that the provisions in the policy were not conditions precedent, and that thereunder proofs of loss could properly be made at any time within one year (less sixty days) after the fire and before suit was

brought, and that the effect of not furnishing such proofs within sixty days after the fire did not defeat the right to recover, but only postponed the time of payment and the time in which an action could properly be brought, and that the defendant waived the giving of notice of loss and the furnishing of proofs. We are of the opinion that the questions of law attempted to be raised with respect to the construction and effect of the several provisions of the policy are not now properly before us.

The policy in the event of a fire required the insured, among other things, to do two specific things:  (1) To give notice of any loss in writing; and (2) to furnish proofs of loss. The findings do not disclose the facts nor the things done in respect to these requirements. As to the first, the findings show "that the insured duly complied with and performed all the terms and conditions of said policy on its part to be kept and performed, except that neither it nor its assignee, the plaintiff herein, gave written notice of the loss by the fire aforesaid to the defendant; but nevertheless the defendant, by its conduct, waived any such notice and was not prejudiced by its failure to give it." This is a finding that a written notice was not given and a conclusion that "such notice" was waived. But there is no finding that any other kind of notice was given, the time in which it was given, or that the giving of notice of loss was waived. Furthermore, the finding that the defendant by its conduct waived notice in writing is not the finding of a fact, but a mere conclusion. No facts with respect to the waiver are found. We are, however, referred to the evidence where it is claimed the facts showing a waiver appear. We are, of course, at liberty to look into the evidence to ascertain whether a finding of fact is or is not supported by evidence, but we are not at liberty in a law case to look into the evidence to make a finding, nor to treat as found that which might have been found. The pleadings directly put in issue the question whether notice of the loss was given. The plaintiff averred such notice was given. The defendant denied it, and alleged that it was not given.

Upon such an issue a finding of fact was essential. The court found that notice in writing was not given. It further made the conclusion that the giving of a written notice was waived by the defendant's "conduct." The facts upon which such a conclusion is based are not found, and until they are found, we cannot properly review and determine the question whether the conclusion is right or wrong. Findings of fact which merely announce certain legal conclusions deducible from facts not stated are not sufficient to support a judgment. Much that has been said with respect to the first requirement also applies to the finding relating to the proofs of loss. It was likewise alleged in the complaint in general terms (that the insured had complied with all the terms and conditions of the contract on its part to be kept and performed) that proofs of loss had been furnished in accordance with the terms of the policy. This allegation was also denied by the defendant, and it specifically alleged that proofs of loss were not furnished. The plaintiff replied that proofs of loss were furnished June 8, 1904 (nearly six months after the fire), and that the defendant because of its disclaimer of all liability on the policy waived the furnishing of such proofs. On this issue the court found that the statement specified in the policy relating to proofs of loss was furnished, substantially as provided by the policy, "except that said statement was not rendered within sixty days after the fire aforesaid, but that said defendant was not prejudiced by the failure to render it within that period," and that the statement was rendered more than sixty days before suit was instituted. No finding of fact or conclusion is made on the question or issue that the furnishing of proofs of loss was waived. Again, we have been referred to the evidence where it is claimed by the respondent that the facts appear showing a waiver, and by the appellant that such facts show no waiver. We are thus called upon to do what the trial court should have done, ascertain and find the facts, and then review, not a finding of the trial court, but our own finding, and determine whether such facts as found by us constitute a waiver. If

proofs of loss were furnished in accordance with the terms of the policy, the question of waiver is, of course, immaterial; otherwise it is material. To properly determine whether the proofs were rendered in accordance with the terms of the policy involves two things: (1) The facts relating to and the circumstances surrounding the rendition of the proofs; and (2) the meaning of several provisions of the policy bearing on the subject. It is time enough to express an opinion on the second when we learn what the material and ultimate facts are. The court again failed to find the facts, but made the mere conclusion that the statement rendered was a "substantial" compliance with the terms of the policy. When this finding or conclusion is placed side by side with the policy, and compared with its terms, no one can tell whether the conclusion that the statement rendered was a "substantial compliance" with the terms of the policy was or was not correct. The court found that the statement was not rendered within sixty days; but no finding is made when it was rendered, except that it was rendered more than sixty days before the suit was commenced. By referring to the pleadings, we see that the suit was commenced September 18, 1905. From this and the findings it may be deduced that the proofs of loss were rendered some time between sixty days after the fire and sixty days before the suit was commenced, a period of about six months. At what time within such period the statement was rendered we are not apprised, except we do what we have been asked to do, go to the evidence and ascertain and find the fact. The only question of law that we could properly determine in the case is whether the furnishing of the proofs of loss at any time within such period of six months was or was not a compliance with the terms of the policy in so far as it related to the time in which such proofs were required to be made. We have concluded not to express any opinion even as to such a question until the facts bearing upon it are properly before us. Though the question should now be determined by us in favor of the respondent, still the judgment cannot stand on the findings as made because of their uncertainty, and

because they do not find the facts on other material issues as heretofore pointed out, and especially with respect to the issue as to the giving of notice of the loss. The findings themselves do not show that any notice of the loss was given, or that the defendant otherwise had any knowledge or notice of the loss, until the proofs of loss were rendered at some indefinite and uncertain point of time covering a period of about eight months after the fire, nor that the giving of the notice was waived.

The general finding "that all the material allegations of the complaint are true, and that the defendant failed to establish by any competent proof its defense herein," does not aid the matter. Courts have frequently held that such a finding is too indefinite and is insufficient. (2 Spelling, New Tr. & App. Pro., section 593.)

Because of the uncertainty and insufficiency of the findings in the particulars referred to, we are of the opinion that the judgment is not supported by them. We have therefore concluded to remand the case to the trial court with directions to vacate the findings and to set aside the judgment, heretofore made and entered, and to make findings of fact on all the issues tendered by the pleadings, and to separately make and state conclusions of law on the facts found, and to enter a judgment accordingly. We have a statute (section 3304x, Comp. Laws 1907) which gives us the power to so remand the case with such directions. Of course, either party may prosecute an appeal from the judgment so entered as from any other final judgment.

The costs of this appeal are awarded to appellant.

FRICK and McCARTY, JJ., concur.