## BURGE v. JEFFERSON et al.

No. 5263.   Decided October 24, 1932.   (15 P. [2d] 326.)

*A. A. Duncan,* of Salt Lake City, for appellants.

*J. U. Schiess,* of Salt Lake City, for respondent.

MOFFAT, District Judge.

The plaintiff brought ejectment.

The defendant pleaded an oral contract of sale, part payment of purchase price, and the making of valuable improvements.

The trial court found for the defendant and decreed: That Ida Burge agreed to sell and convey the premises described to Elva Jefferson for the sum of $1,500 payable in installments; $100 June 4, 1930, and $35 or more on the 4th day of each month thereafter, with 7 per cent interest on deferred payments, installments to be first applied to payment of interest and then to reduction of principal. Possession was awarded defendant during compliance with the decree. The decree further provided that plaintiff, Ida Burge, within sixty days execute and deliver to the defendant Elva Jefferson a contract in writing providing for the sale and conveyance by warranty deed, for the price, on the terms, at the time and in the manner specified.

The trial court further decreed that, upon the tender of such contract, defendant pay plaintiff all installments due up to such time, and required defendant to sign such contract. If the plaintiff should fail, refuse, or neglect within the time to make and execute such contract, in duplicate, and if the defendant should pay the amount due as stipulated by the decree of the court, then the decree of the court was decreed to stand as a contract for the sale and con-

veyance of the land by the plaintiff to the defendant, to the same extent and with like effect as if such contract had been duly executed and delivered.

The decree further provided that, if the defendant upon tender by plaintiff of a contract of sale and conveyance in accordance with the decree should refuse to pay as provided, the defendant would be barred of her right to specific performance. The decree was duly entered on May 18, 1931.

On October 12, 1931, plaintiff tendered contract of sale and purchase, using the uniform real estate contract. The defendant refused to sign the contract and failed to make any payments. On October 26, 1931, the plaintiff filed motion asking the court to declare the right of the defendant to specific performance barred; and for possession. After a hearing, the court on November 28, 1931, entered judgment, decreeing that defendants be and are barred of their right of specific performance, that they have forfeited all right, title, or interest in the premises, and decreed plaintiff to be the owner and entitled to possession.

Appellant assigns two errors: (1) That the court erred in finding that the bond for deed tendered was "in proper form or the form required by the original judgment"; (2) that the execution and tender of a contract was a condition precedent to either the payment or any money or a forfeiture.

We are of the opinion that the position taken by the defendant is clearly untenable and the assignments of error without merit. The original decree of the court clearly provided: "That if the plaintiff shall fail, refuse or neglect, within the said time, to make and execute such a contract in duplicate and deliver the same to the defendant as aforesaid, and the defendant, Elva Jefferson, shall pay to the plaintiff or to her attorney or to the clerk of the court for the use and benefit of the plaintiff, the amount so due up to such time, then and in that event this decree shall stand as a contract for the sale and conveyance of said land by the plaintiff, Ida Burge, to the defendant, Elva Jefferson, and

to the same extent and equal effect as if such contract had been duly executed and delivered in accordance therewith."

Clearly, under the terms of this paragraph of the judgment, the defendant had the right either to make payment to the plaintiff or her attorney or to the clerk of the court, and apparently the plaintiff had the option either to tender a contract or to rely upon the decree of the court.

It appears from the evidence that the plaintiff did not tender an agreement for the sale and purchase of the land as provided by the court within the time specified; the delay is explained because of pending negotiations for settlement between the parties, and the only objection made to the contract as tendered was that it "was not in proper form"; that is, that it contained a clause relating to the placing of a mortgage upon the property. The reasons advanced by the appellant are more technical than substantial, and, though technical, without merit. There appears to be no good reasons why the defendant, when the matter was before the court, should not have suggested to the court that such clause or clauses be made to conform to the decree, if there were any objections to them, and no doubt the court would have so ordered. Neither does there appear any good reason why the defendant, if she had in good faith desired to prevent forfeiture, made payment to the clerk of the court as provided in the decree.

As a practical matter, no subsequently executed mortgage could affect defendant's rights with the contract of sale duly executed and recorded. It would have been impossible for the plaintiff to have secured a mortgage upon the property in excess of the balance due upon the contract.

The only point argued by the appellant is that relating to the alleged objectionable provision in the contract providing for a mortgage.

Assignments of error not argued in the briefs are deemed abandoned or waived. We find no error in the record and no merit in the appeal.

JUDGMENT AFFIRMED; respondent to recover costs.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.