# PAROWAN MERCANTILE CO. v. GURR et al.

No. 5358.   Decided March 16, 1934.   (30 P. [2d] 207.)

*C. E. Norton,* of Salt Lake City, for appellant.

*Morris & Matheson,* of Cedar City, for respondent.

MOFFAT, J.

This action was brought to recover upon a joint promissory note. It is alleged, and the record discloses, that on or about the 26th day of July, 1931, John H. Gurr and Gwen M. Gurr, his wife, executed and delivered to the Parowan Mercantile Company their joint promissory note. That there-

after, on or about April 30, 1932, John H. Gurr died intestate. That the note had matured before his death and was unpaid.

Suit was filed on the 9th day of May, 1932, against Gwen M. Gurr and "First Doe, Administrator of the estate of John H. Gurr, deceased."

On June 28, 1932, Gwen M. Gurr filed her separate answer, admitted the signing of the note, and that she signed as accommodation maker or surety only; that prior to the date the note was given, John H. Gurr and Mitchell Benson had been copartners in the goat business in Iron county, Utah; and that the original account for which the note was given was contracted by the copartnership for merchandise sold and delivered by the plaintiff upon an open account.

Gwen M. Gurr, defendant, in her separate answer, further alleged that during the time of the last illness of John H. Gurr, at his request, she signed the said promissory note, and that said signing was without consideration.

It appears from the record that Gwen M. Gurr, in pursuance of a petition filed by her, was on the 1st day of August, 1932, by order of the court appointed administratrix of the estate of John H. Gurr, deceased. The case came on for trial on the 5th day of August, 1932, and before the defendant had filed her bond or letters of administration had been issued to her.

When the case was called for trial defendant moved for a continuance, stating the condition of the estate and that it "would probably be necessary to substitute the administratrix" for the defendant "First Doe."

The plaintiff thereupon moved the court for an order to dismiss as to the defendant "First Doe." The motion was granted over objection of defendant, but no exception was taken. It does not appear from the record whether or not the action was finally dismissed as to "First Doe." There is no judgment of dismissal in the record; there being none there is no final judgment as to that matter from which an appeal could be taken.

The defendant then renewed her motion for a continuance. The motion was denied, and exception taken thereto. No showing was made as required by the statute to justify the court in granting a continuance, no affidavits were filed, nor other showing made other than the oral statement of counsel as to the condition of her estate.

Evidence was offered and received by the court on behalf of both plaintiff and defendant. When both parties had rested, the court found the issues in favor of the plaintiff and made findings and entered judgment accordingly.

The defendant appeals and assigns error. It is stated that both defendants appeal. We have failed to find any appearance for or judgment against "First Doe," and Gwen M. Gurr as administratrix of the estate of John H. Gurr has never become or been made a party to this action.

Error is assigned that the complaint does not state facts sufficient to constitute a cause of action.

The complaint is in the usual form and the note sued upon is set out in haec verba. We think there is no merit to this assignment. It was not argued and is therefore deemed abandoned. *Burge* v. *Jefferson*, 80 Utah 374, 15 P. (2d) 326.

Appellant also assigns error claiming that the trial court abused its "discretion in dismissing the action against the administrator of the estate of John H. Gurr, deceased."

It does not appear that the administrator of the estate of John H. Gurr ever appeared or was a party to the action, except as fictitiously designated as "First Doe, Administrator." We fail to register why the administrator, fictitious or otherwise, could complain or appeal because of a judgment rendered in his favor (assuming for the purposes of the statement that a judgment of dismissal had actually been entered and filed). The judgment of dismissal in the instant case as rendered was in favor of "First Doe" administrator, fictitious or real, and appellant is not a party

to that judgment. The only judgment from which an appeal could be taken is the judgment against appellant, Gwen M. Gurr, personally. The right of appeal is limited by statute to "Any party to a judgment." R. S. Utah 1933, 104-41-4. Nor did the court err in denying the motion to have the administratrix (?) substituted for the fictitious administrator as a party to the action. First, she had not at that time received her letters so as to authorize her to take such action, and, second, for the reasons above stated, she could not complain of the dismissal, had she been qualified and had she been permitted to be substituted, because as administratrix she was not and could not be aggrieved or injured. Had a stranger been appointed and qualified, and defendant had sought to have such administrator made a party upon proper showing made and proceedings had to make him a party, a different question might have been presented.

Appellant complains that the trial court erred in entering judgment for costs, because the cost bill was served and filed on August 6th, and judgment was ■ not entered until August 11th. No question is before us upon this matter. It does not appear that any motion attacking the cost bill has been filed, or any ruling made by the court upon such matter. If appellant desires to attack the cost bill upon the ground indicated a motion to the trial court must be made.

Appellant by assignments of error numbered 4 and ■■ 6 claims the trial court erred "in failing and refusing to make any findings of fact upon the material allegations of defendant's answer" and the findings are not "responsive to the pleadings."

Treating the assignments as aimed at the proposition that the trial court must make findings upon the material issues raised by the pleadings, we shall examine the record and the allegations in the pleadings. The law is well settled that the findings when compared with the pleadings must be

within the issues and be responsive thereto, and must cover the material issues raised by the pleadings, whether they arise because of allegations in the complaint and denied by the answer, or upon affirmative defense pleaded in the answer, or upon a counterclaim, denied by answer thereto or treated as denied, and this is required whether evidence be introduced or not upon such issues, and if there be no finding upon a material issue the judgment cannot be supported. *Mitchell* v. *Jensen,* 29 Utah 346, 81 P. 165; *Dillon Implement Co.* v. *Cleaveland et al.,* 32 Utah 1, 88 P. 670; *Everett* v. *Jones,* 32 Utah 489, 91 P. 360; *Utah Ass'n of Credit Men* v. *Home Fire Ins. Co. of Utah,* 36 Utah 20, 102 P. 631; *Piper* v. *Eakle,* 78 Utah 342, 2 P. (2d) 909. In the case of *Piper* v. *Eakle,* last cited, the cases are collected and statutory references indicated.

The complaint does not in express words, aside from the note itself, allege that there was a consideration given or received for the execution and delivery of the promissory note sued upon. The note, however, is negotiable in form and therefore imports a consideration, and is set out in full in the complaint.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value." R. S. Utah 1933, 61-1-25.

The findings as made by the court followed the allegations of the complaint. No specific finding was made to the issue of consideration, if the issue of consideration was an issue. An examination of the pleadings is necessary to determine this question.

Defendant's answer alleges:

"That there was no consideration moving to this defendant or from said plaintiff for the said promissory note, and alleges that said promissory note was secured under these circumstances: That prior to the date of said promissory note the said John H. Gurr and one Mitchell Benson were co-partners in the goat business in Iron County,

Utah, and the original account was contracted by them with said plaintiff for merchandise sold and delivered upon open account. That * * * this defendant signed said promissory note without any consideration whatever, and as surety only. * * * That said note was given by said John Gurr as a memorandum of said account only."

We are of the opinion the allegations of the answer evasively raised an issue as to the question of consideration for the promissory note as to the defendant Gwen M. Gurr only. The affirmative allegations of the answer assert there was "no consideration moving to this defendant." Such an allegation does not even deny, but rather impliedly concedes, that there was a consideration for the note; then the further allegations describing the circumstances and purposes for which the promissory note was given indicate the express consideration for which the note was given. Under the affirmative allegations of the answer, the defendant Gwen M. Gurr knew the purpose for which the note was given, and testified that she signed it and that either she or her husband returned it to the plaintiff. When she did that, and had that information, she knew the instrument was negotiable, that it was deemed to be issued for a valuable consideration aside from the actual facts within her knowledge, and that as a matter of law when she attached her signature thereto it was deemed to have been done for value. Certainly as to her husband, John H. Gurr, there was a sufficient consideration to support the instrument, negotiable or otherwise. She was a joint maker of a negotiable instrument and "a maker of a negotiable instrument by making it engages that he will pay it according to its tenor." R. S. Utah 1933, 61-1-61.

Conceding, for the purpose of this statement, that question of consideration was tendered as an issue by defendant's answer, the trial court should have found directly upon that issue. Inferentially the court did find a consideration. The note by reference is set out in the findings, and the note recites that it is given for "value received." We have, however, reviewed the pleadings and the evidence set forth in

the transcript. We are satisfied that had the trial court made specific findings on all the issues, material or otherwise, presented by the answer no finding would have been permissible other than such as would support the judgment. We are therefore of the opinion that the error, if any, did not affect any substantial right of the defendant.

Under the statute R. S. Utah 1933, 104-39-3,

"No exception shall be regarded, unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting."

And R. S. Utah 1933, 104-14-7,

"The court must at every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

In view of the statute, the practice and the decided cases when an error, if committed, did not prejudice the party excepting and the record so discloses a case should not be reversed upon that ground alone. Such is the instant case. *Madsen* v. *Utah Light & Ry. Co.*, 36 Utah 528, 105 P. 799; *Sheppick* v. *Sheppick*, 44 Utah 131, 138 P. 1169; *Van Leeuwen* v. *Huffaker*, 78 Utah 521, 5 P. (2d) 714.

Some immaterial allegations of the answer are referred to in the assignments of error. None of these tend to make a material issue.

We find no reversible error in the record.

Judgment is affirmed. Respondent to recover taxable costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.