## THOMAS v. CLAYTON PIANO CO.

No. 2777.   Decided Sept. 2, 1915.   (151 Pac. 543.)

1.  TRIAL—TRIAL BY COURT—FINDINGS OF FACT.  The court, trying a law case without a jury, should find the facts on every issue, either affirmatively or negatively, as the evidence may warrant, and thus give the defeated party an opportunity to assail the finding as unsupported by evidence.   (Page 93.)

2.  CONTRACTS—EXECUTORY CONTRACTS—BREACH—REMEDY.  Where a party to a contract to pay the adverse party thereto for advertisements in a publication renounced the contract before time for performance, the adverse party could not, by performing the contract, recover the stipulated price, but could only recover the damages sustained by the renunciation up to the time of notice thereof.   (Page 93.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by T. F. Thomas, doing business as the Publishers of the Orpheum Theater Program, against the Clayton Piano Company.

Judgment for plaintiff.   Defendant appeals.

REVERSED and remanded.

*Evans, Evans & Folland,* for appellant.

*Parley P. Jensen,* for respondent.

FRICK, J.

The plaintiff, T. F. Thomas, doing business under the firm name and style of the "Publishers of the Orpheum Theater

Program,'' sued the defendant corporation to recover upon the following contract:

                    ''Salt Lake City, Utah, April 23, 1913.

''To the Publishers of the Orpheum Theater Program: You are hereby authorized to publish our advertisement in the Orpheum Theater Program for three months' actual play, beginning opening of theater, 1913, .to occupy a space of two center pages, for which we agree to pay the sum of ($75) seventy-five and no/100 dollars per month for the insertion thereof, payable on demand, on the 1st day of each month. The publishers accept the conditions of this contract and agree to publish this advertisement for the period above named.''

                                        ''Clayton Piano Co.''

The plaintiff alleged that he had published the advertisement for the period of three months, commencing August 3, 1913, and ending November 3, 1913, and demanded judgment for the full amount specified in the contract, to wit, the sum of $225, with legal interest from November 3, 1913. The defendant filed an answer to the complaint, in which it set up the defenses: (1) That the contract was unauthorized by it; and (2) that before the time of performance had arrived it had renounced the contract and had duly notified the plaintiff not to publish said advertisement. Upon substantially the foregoing issues a trial to the court without a jury resulted in findings of fact, conclusions of law, and judgment for the full amount stipulated in the contract in favor of the plaintiff. The defendant appeals.

Defendant assigns a number of errors, among which are: That the court erred in not making findings upon the issue of want of authority, and also upon the issue of renunciation of the contract. It is also insisted that the court erred in allowing, and in entering, judgment for the full amount named in the alleged contract.

While the court made no findings with regard to the question of the authority of the agent who entered into the contract in the name of the defendant, which authority it had denied, yet, in view that the court found as a conclusion of law that the defendant was liable on the contract, we must

assume that the court passed upon the question of authority adversely to the defendant's contention. That, however, ordinarily, at least, is not sufficient. The court should find the facts upon every issue, either affirmatively or negatively, as the evidence may be, and thus give the defeated party an opportunity to assail the finding as not being supported by the evidence.

Neither did the court make any direct findings upon the second defense, namely, the renunciation of the contract, which took place before the plaintiff had entered upon performance. Upon that question the evidence, however, is all one way, and leaves no room for doubt. The defendant had personally notified the plaintiff, and thereafter its counsel also notified him, and from such notification it clearly and unequivocally appears that the defendant had renounced the contract at least sixty days before the plaintiff attempted to, or did, publish the advertisement referred to in the contract. That fact being beyond dispute, the only question for determination is whether the plaintiff may recover the price stipulated in the contract in an action based thereon. In other words, may one party to an executory contract sue and recover the amount stipulated therein, where, as here, the other party renounced the contract long before the time for its performance had arrived? We think not. Nor is the objection by the party sued merely technical or formal. In our judgment it is a substantial one. In passing upon this question in the case of *Gibbons* v. *Bente,* 51 Minn. 499, 53 N. W. 756, 22 L. R. A. 80, Mr. Justice Collins, in speaking for the Supreme Court of Minnesota, says:

"From an examination of the adjudged cases just cited it will be seen that ordinarily the party who is willing to abide by an executory contract may treat it as subsisting up to the time when performance should commence, for the purpose of insisting that the other party, who has previously repudiated it, shall then, and finally determine whether he will comply with its terms, or persist in his resolution not to perform upon his part. But the party who has not broken his compact is not allowed to treat it as in force, for the purpose of performing, in direct opposition to the refusal of the other to abide by its terms, and then enforce the payment of the contract price. One reason for this is found in the general rule that a person who has been injured by a breach of contract must put forth reasonable

exertion to render the injury as light as possible. He cannot negligently or willfully allow the damages to be unnecessarily enhanced; or, if he does, the increased loss falls upon him."

In 9 Cyc. 638, the rule in case of renunciation before performance is stated thus:

"But after notice of such repudiation the other party cannot go on and complete an executory contract, and then sue for the full contract price, or for any increased damages caused by his continuing to perform."

There are some exceptions to the foregoing rule, which are stated in Cyc.; but the case at bar does not come within any of the exceptions. The case of *Peck & Co. v. Kansas City, etc., Co.,* 96 Mo. App. 212, 70 S. W. 169, is practically a parallel case to the one at bar. In the first headnote in 70 S. W. 169, which reflects the opinion, the rule is stated thus:

"Where an advertising contract binding the advertiser to furnish copy, etc., to the publisher, was broken immediately after its execution by the advertiser countermanding the same, the publisher had no right to prepare and insert in the space contracted for matter composed by him, tending to advertise defendant's business, and then sue for the contract price."

In *Danforth v. Walker,* 37 Vt. 244, the Supreme Court of Vermont states the rule in the following words:

"While a contract is executory, a party has the power to stop performance on the other side, by an explicit direction to that effect, by subjecting himself to such damages as will compensate the other party for being stopped in the performance on his part at that point or stay in execution of the contract. The party thus forbidden cannot * * * go on and thereby increase the damages, and then recover such * * * damages of the other party."

In *Davis & Rankin v. Bronson,* 2 N. D. 300, 50 N. W. 836, 16 L. R. A. 655, 33 Am. St. Rep. 783, it is held that, where the defendant renounced the contract before the plaintiffs entered upon its performance, "plaintiffs had no right to go on with the contract under such circumstances, and recover the contract price; their only remedy being for damages for breach of the contract." To the same effect are 3 Page on Contracts, section 1435; *Clark v. Marsiglia,* 1 Denio (N. Y.) 317, 43 Am. Dec. 670; *Moline, etc., Co. v. Beed,* 52 Iowa, 307, 3 N. W. 96, 35 Am. Rep. 272.

The foregoing cases sufficiently illustrate what we deem to be the weight of authority. While there is some diversity of opinion, yet the diversity arises more regarding the measure of damages in such cases than it does with respect to the nature of the action that the plaintiff must bring. True, in this state there is no form of action; but where, as here, it is made to appear that the contract was renounced before the time for performance had arrived, the plaintiff cannot sue upon the theory that he had fully performed and is therefore entitled to recover the amount stipulated in the contract. Ordinarily, under such circumstances, the plaintiff can only recover the damages he suffered by reason of the renunciation of the contract up to the time of notice of renunciation. He may not thereafter go on and perform on his part, and recover the full contract price as though no renunciation had been made. It is true that the damages may equal the amount stipulated in the contract under certain circumstances; but, if that be so, then the fact must be established by proper evidence. It cannot be established by merely proving that the plaintiff proceeded to perform after the renunciation had been made. In this case, therefore, plaintiff's damages may not have been the full amount stipulated in the contract and hence the judgment cannot prevail.

We remark that where, as here, a corporation interposes the defense of want of authority of its agent to enter into the contract or to transact the business in question, the court should find the facts in that regard. It should also have made findings on the defense of renunciation.

There are other assignments, but they are not important, and require no discussion.

For the reasons stated, the judgment is reversed, and the case remanded to the District Court of Salt Lake County, with directions to grant a new trial. The defendant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.