[Civ. No. 7847. First Appellate District, Division Two.—August 28, 1931.]

JOSEPH A. RICHARDSON, Respondent, v. B. D. DAVIS, Appellant.

Norman A. Eisner for Appellant.

John R. Tyrrell for Respondent.

NOURSE, P. J.—Plaintiff sued upon a written contract for advertising. The cause was tried by the court without a jury and judgment went for plaintiff as prayed. The defendant appeals upon typewritten transcripts.

On February 20, 1928, the parties executed a contract in writing under which plaintiff agreed to run thirty feet of advertising film six days a week alternating weekly between the Southern Pacific and Key Route waiting-rooms in the Ferry Building at San Francisco for the term of fifty-two weeks. The defendant agreed to pay therefor the sum of $30 a week payable monthly after the first exhibit, which was to start March 1, 1928. The contract provided: "Films may be changed twice monthly."

On February 21, 1928, defendant wrote to the plaintiff that the contract was canceled. On February 27th the parties entered into an oral contract under which plaintiff agreed to furnish the same advertising for a period of two years at $15 a week or $65 a month, films to be run three days a week instead of six. On April 26, 1928, defendant sent written notice to plaintiff that this contract was terminated as of May 1st following. Plaintiff continued to run

the film for the full period of two years, carrying without change an advertisement of a special sale of automobiles conducted by defendant at his places of business at 1521 and 690 Van Ness Avenue in San Francisco. This sale was advertised to commence March 1, 1928. The business at 690 Van Ness was discontinued in October of that year.

Plaintiff sued upon the written contract of February 20th, alleging however, that there became due under the contract $65 a month, whereas the contract provided for payments of $30 a week. Defendant answered admitting the execution of the contract pleaded, denying generally that any sum was due under it, and pleading specially that the contract was abandoned and rescinded by mutual consent.

During the trial plaintiff was forced to admit the abandonment of the written contract and then asked for and was granted leave to amend to conform to the proofs by pleading a new or modified contract in the terms of the oral agreement of February 27th. The defendant then proved the cancellation of this contract on April 26th in the manner above set forth. The complaint having been filed before the end of the two-year period, the trial court limited its findings to the fourteen months preceding May 1, 1929, and found that the plaintiff had performed all the terms of the contract as modified and gave judgment for plaintiff for $780 upon the conclusion of law that said sum was due "for services rendered under said contract".

On this appeal the appellant attacks the judgment on the ground that, the contract having been canceled or repudiated by him, respondent's only remedy was to sue in damages for the breach. ■ Appellant rests his case on the well-accepted rule that a party to a contract has the power to stop performance on the other side by explicit direction to that effect, subjecting himself to such damages as will compensate the other party for the breach, and that the party thus forbidden cannot go on and thereby increase the damages. (6 R. C. L., p. 1029; *Davis* v. *Bronson,* 2 N. D. 300 [33 Am. St. Rep. 783, 16 L. R. A. 655, 50 N. W. 836]; *Danforth* v. *Walker,* 37 Vt. 239, 244; *Dugan* v. *Anderson,* 36 Md. 567, 11 Am. Rep. 509; *Spratt* v. *Brown-Petzel Lumber Co.,* 105 Or. 672 [210 Pac. 700, 701]; *Southworth* v. *Rosendahl,* 133 Minn. 447 [3 A. L. R. 468, 158 N. W. 717, 718]; *Thomas* v. *Clayton*

*Piano Co.*, 47 Utah, 91 [151 Pac. 543, 544]; *Peck & Co.* v. *Kansas City M. R. & C. Co.*, 96 Mo. App. 212 [70 S. W. 169, 170].)

The remedy for such a breach is declared in section 3300 of the Civil Code to be the amount which will compensate the party aggrieved for all the detriment proximately caused thereby. And section 3358 of the same code declares that no person can recover a greater amount of damages for the breach of a contract than he could have gained by the full performance.

■ Under the authorities the conclusion is unescapable that the respondent's right of action was for damages only, that he could not enhance these damages by continued performance after notice of repudiation, and that the judgment for "services rendered" is contrary to law.

■ Respondent does not question these principles of law. His only defense of the judgment is that the point was not raised in the trial court. In this he is in error. He pleaded and rested on a written contract. Appellant alleged that this contract was abandoned. The proof showed conclusively that such was the fact. Respondent then obtained leave to plead another contract. No special pleading was filed in answer to this amendment but all the evidence showing its repudiation was received without objection. There is no doubt that the issue of repudiation was fully tried and, though the trial court found that the contract was not "mutually abandoned", it did not find on the issue of repudiation. The evidence was there—not merely uncontradicted, but admitted—that the contract was repudiated.

When such is the case the action must be for damages for the breach and not for services rendered under the contract after repudiation. In a similar case, *Thomas* v. *Clayton Piano Co., supra,* the court say: "It is true that the damages may equal the amount stipulated in the contract under certain circumstances; but, if that be so, then the fact must be established by proper evidence. It cannot be established by merely proving that the plaintiff proceeded to perform after the renunciation had been made."

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.